(No. 25613.—

THE PEOPLE *ex rel.* F. E. Lasecki, Appellant, *vs.* JOHN T. TRAEGER, SR., *et al.* Appellees.

*Opinion filed October 11, 1940.*

356

JOSEPH F. ELWARD, for appellant.

MOSES, KENNEDY, STEIN & BACHRACH, (WALTER BACHRACH, and ARTHUR MAGID, of counsel,) for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The People of the State of Illinois on the relation of F. E. Lasecki, an elector and taxpayer of Cook county possessing the necessary legal qualifications for grand jury service, filed a petition in the circuit court of Cook county for writ of *mandamus* directed to John E. Traeger, Sr., William H. Cruden and John J. Hurley, as jury commissioners of that county, commanding them to follow the provisions of the Jury Commissioners act in the selection and drawing of grand jurors. The court sustained respondents' motion to strike. A constitutional question being raised, petitioner brings the case direct to this court.

The Jury Commissioners act, (Ill. Rev. Stat. 1939, chap. 78, par. 24, *et seq.*) as amended in 1931, authorized the judges of the courts of record of Cook county to adopt rules of court to implement the statutory provisions in reference to the preparation, selection and drawing of grand jurors. Petitioner contends (1) that certain court rules which were promulgated for the guidance of the commissioners in selecting and drawing of grand jurors and which have been followed by them are outside the scope of statutory authorization and (2) that if the statute should be construed as delegating the power to make such rules then the statute is in contravention of article 3 of the constitution.

Section 11 of the act provides that the judges of the several courts of record of the county by majority vote are empowered to make such rules, not inconsistent with the act, as in their judgment may be necessary or proper for the purposes of prescribing the powers and duties of the jury commissioners, regulating in general the conduct of their office, and in carrying out the provisions of the act. Section 8, in prescribing some of the general duties of the commissioners states: "In such manner as may be prescribed by rules to be adopted by a majority of the said judges, the jury commissioners shall also" etc., then follows a general specification of duties relating to the preparation of active jury lists and period jury lists, a more detailed analysis of which is hereinafter made.

Section 2 directs the commissioners to prepare a list of all electors of each sex between the ages of 21 and 65 years possessing the necessary legal qualifications for jury duty. By section 7, such list is known as the general jury list. Rule No. 3, in supplementing section 2, directs that the general jury list shall be obtained from the records of registered voters as kept by the election commissioners and county clerk of Cook county. In the city of Chicago the list is to be arranged in numerical order beginning with the first precinct of the first ward. In the remainder of the county the lists furnished by the several cities, towns and villages are to be taken in alphabetical order. All such lists when prepared are to be bound together as one list.

Section 8 provides that the commissioners shall from time to time prepare a secondary list to be known as the active jury list. Such list shall consist of names taken from the general jury list and shall at no time contain less than five per cent of the aggregate number of the general jury list. The section makes provision for period jury lists and directs that the active jury list and the period jury lists, except as to the names certified back by the clerk of the court under section 10, shall be prepared in such manner as·

to insure, as near as may be, a proportional representation therein of the whole body of electors in respect to occupation and the particular localities where they reside. It is the duty of the commissioners to make both lists available for the clerks of the several courts of record to draw therefrom by lot, the drawing to be by the devices and mechanisms prescribed by rules. The period jury list is composed of the names of the prospective jurors who have indicated the particular time within a year which would be most convenient for them to serve. By rules, the year is divided into quarters and a juror's name is placed on the period jury list according to the preference indicated. In supplementing section 8, rule No. 4 provides that the active jury list shall be taken from the general jury list and in its preparation the commissioners shall take the first name in each precinct and each succeeding tenth name and when all precincts are thus exhausted, the second name on the list shall be taken and shall continue with the next name following each name previously selected until the number required has been drawn which shall be not less than five per cent of the aggregate general jury list.

The rules direct that the commissioners shall give notice by mail to the persons whose names appear on the active jury list. Accompanying the notice is a questionnaire containing questions asking for information as to age, occupation, business or profession, whether married or single, whether living with the family or not, ownership of real estate, citizenship, former jury service, education, and whether the prospective juror has a preference as to the time of service. The rules also require examination of each prospective juror by a commissioner or commissioners touching his qualification and elegibility for jury service. If the prospective juror is found to be qualified the commissioner conducting the examination indicates on the questionnaire whether such person shall be accepted for grand jury service. After a person is accepted for grand

jury service, his name is written on a card and the card is placed in a box designated by rule as the grand jury box. The rules provide that the grand jury box shall contain at all times not less than 1000 cards. Section 9 deals with the drawing of petit jurors and concludes with the directions that grand jurors shall be drawn and certified in the same manner as petit jurors. The rules prescribe that grand jurors as needed shall be drawn by chance from the grand jury box. There is no period grand jury box.

The cards bearing the names of the prospective jurors who have not been designated for grand jury service and who have not indicated a preference for time of service are placed in the active jury box. If preference for time of service has been made the cards are placed in the period jury list box for the quarter indicated by the juror. Petit jurors are all drawn from the period jury list boxes and the active jury list box.

Petitioner contends the statute does not authorize the adoption of a rule of court directing the commissioners to select from the active jury list certain electors for grand jury duty, and that there is no statutory provision empowering the courts to adopt a rule for the keeping of a grand jury box nor the drawing of names therefrom. It is urged that grand jurors should be drawn by lot from the active jury list box and the period jury list boxes the same as petit jurors.

The power conferred by section 11 upon the judges of the courts of record to prescribe by rule the powers and duties of commissioners is broad and comprehensive. It includes everything which the judges, in the exercise of their judgment, deem necessary or proper for carrying out the purposes of the act subject only that the rules so adopted must not be inconsistent with the provisions of the act and, of course, must not contravene constitutional requirements. In *People* v. *Bain,* 358 Ill. 177, this court held that the power conferred on the judges of the courts under this act

was a valid delegation of legislative power. In view of such holding, and the broad powers conferred, the inquiry is upon the single question as to whether or not the rules, or part of them, are inconsistent with the provisions of the act.

Section 4 of the prior act made provision for the keeping of two boxes, one to be known as the jury box, the other as the grand jury box. All grand jurors were required to be drawn from the grand jury box. The amendatory act of 1931 expressly repealed section 4 and petitioner contends that such repeal, and the omission of the requirements of section 4 from the present act, clearly indicates a legislative intent to discontinue the practice of selecting certain persons to serve as grand jurors from the active jury list and holding their names separate and apart from those selected for petit jury service and to abolish the use of a grand jury box.

In reply respondents suggest that the separation of the names of those who were to serve as grand jurors from the ones listed for petit jury service was a part of the statutory law in all the jury commissioners acts from 1887 to 1931, and from this they argue that the omission of such provision from the present act and the insertion therein of the delegation of the rule-making power is to be taken as evidencing an intent of the legislature that such requirements should be continued by court rule.

It is obvious that in the adoption of the 1931 act the legislature intended to enact only general provisions for the preparation of jury lists and the selection and drawing of those who were to serve as jurors and that the procedure to be followed in making such selection and drawing was to be prescribed by rules of court. It is evident that it was intended that the act and rules adopted pursuant thereto should refer to the selection and drawing of both grand and petit jurors. The purpose of the act being to provide a list from which both grand and petit jurors should be se-

lected, it would seem that it is consistent with the provisions of the act that the court could, by rule, direct the commissioners to make a selection of those who were to serve as grand jurors and to provide that cards bearing their names should be kept in a grand jury box separate and apart from those who were to serve as petit jurors.

Petitioner contends that the conferring of authority on the commissioners to determine who, from the active jury list, shall serve as grand jurors is vesting in them an unreasonable discriminatory power. It is not claimed that the commissioners have been acting arbitrarily or have unjustly discriminated against the petitioner or any other person in the selection of grand jurors but the complaint is lodged against the possibility of such occurring under the practice adopted. At common law, the sheriff of the county selected those who were to serve as grand jurors, (4 Blackstone's Com. p. 303,) and under section 9 of the Jurors act it is the duty of the county board to make such selection. The duty enjoined upon the commissioners by the rule of court to make the selection from the active jury list is not materially different from that placed upon the county boards under the Jurors act. The contention that the rules authorize unjust discrimination in the selection of grand jurors is without merit.

Petitioner further contends that the rules are invalid because they do not prescribe any standard of qualifications for the commissioners to follow in making the selections. In *People* v. *Lieber,* 357 Ill. 423, it was held the Jury Commissioners act does not entirely supersede the Jurors act but that the Jury Commissioners act was merely supplementary to the other and that the provisions of the Jurors act in reference to the number of grand jurors, their qualifications and certain other matters pointed out in the opinion, are controlling in the counties to which the Jury Commissioners act applies. In section 2 of the Jurors act the general requirements for jury duty are stated, and,

under the holding in the *Lieber case,* the commissioners were bound to follow those requirements as a standard in the selection of grand jurors.

In *People* v. *Bain, supra,* it was said that sections 8 and 9 should be read together and that: "From such reading it is apparent that the grand jurors shall be drawn from the period list as well as from the active jury list." Petitioner relies upon that statement to support his contention that the grand jurors were improperly drawn. There is an inconsistency in what was said in the *Bain case.* In the first part of the opinion it is said that the rule which requires cards bearing 1000 names to be kept in the grand jury box at all times was a valid exercise of the rule-making power conferred by the act. In the quoted part of the opinion it is said that the grand jurors must be drawn from the active jury list box and the period jury list box. If the latter statement was the law, then there was no necessity for a discussion of the. rules in reference to the requirement of names in the grand jury box for there would be no need for such a box. In so far as the opinion in the *Bain case* holds that grand jurors names shall be drawn from the active jury list box and the petit jury list box the same is overruled. Under the rules, grand jurors should be selected by the commissioners from the active jury list, and cards bearing their names should be deposited in a grand jury box. When a grand jury is needed it should be drawn in the manner directed by the rules from the grand jury box. The procedure prescribed by the rules is not inconsistent with the provisions of the act.

Petitioner's final contention is that if the Jury Commissioners act is construed as vesting the courts with power to adopt the rules in reference to the drawing of grand jurors it violates article 3 of the constitution in that it attempts to confer legislative powers upon another branch of government. It is claimed that when the jury commissioners are selecting the grand jurors they act without any

legislative guide or standard and are performing a legislative function in making such selection . The rule directs the commissioners to interrogate prospective jurors concerning qualifications and eligibility for jury service. If qualified for jury service, the commissioner indicates whether he shall be accepted as a prospective petit juror or grand juror. It does not appear from the petition that the commissioner, in his interrogation of the prospective juror, asks for information on any subjects other than those stated in the questionnaire. As previously noted, the subjects inquired about in the questionnaire principally refer to the qualifications prescribed by section 2 of the Jurors act as being the essential requirements for jury service. The rules do not direct the commissioners to make an inquiry as to any matters other than those prescribed by statute touching the qualifications of jurors, and, in the absence of such rule or showing that a different practice prevails, it can not be assumed that the commissioners have applied a test for qualification and eligibility different from that prescribed by the Jurors act.

In *People* v. *Bain, supra,* it was said: "It is no longer an open question in this State that where the legislature has the power to enact a law it also has the power, as a necessary adjunct to such power, to adopt a procedure for the administration of such law. It may do so through commissions, boards or committees, and may grant to such administrative bodies certain authority and powers in keeping with the spirit of the act, for the efficient and practical application and operation of the statute." The act is not unconstitutional on the ground urged.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*