**People of the State of Illinois, Plaintiff-Appellee, v. James Davenport, Jr., Defendant-Appellant.**

Gen. No. 11,056.

Fourth District.

July 15, 1969.

John Unger, of Danville, for appellant.

John Morton Jones, State's Attorney, of Danville, and Larry P. Carmer, Special Assistant State's Attorney, for appellee.

CRAVEN, J., delivered the opinion of the court.

On May 7, 1968, in a three-count indictment, the defendant was charged with attempted murder, aggravated battery and attempted armed robbery. On the same day a motion was filed by the state's attorney pursuant to the provisions of § 702–7 of c 37, Ill Rev Stats 1967, for the purpose of prosecuting the defendant as an adult in the "General Division" of the Circuit Court. The defendant's age was alleged to be sixteen years.

The public defender was appointed to represent the defendant. The defendant's age was determined to be fifteen years and nine months. The record then indicates: "Motion by the St's Atty for leave to prosecute as an adult. Objection by Mr. Unger. Sworn evidence heard. Defendant's birthdate determined to be July 20, 1952 upon inquiry by the Court. Motion allowed as tendered. Cause transferred to the General Division for further proceedings pursuant to statute. . . ." The defendant entered a plea of not guilty. In a jury trial he was found guilty on all three counts and was sentenced to the Illinois Youth Commission for a period of six to ten years. This appeal is from that proceeding.

It is urged that error intervened in the trial court proceeding in that: (1) There was a relinquishment of juvenile jurisdiction without taking evidence; (2) a challenge to the array for racial imbalance should have been allowed; (3) pretrial discovery of statements favorable to the defendant was improperly denied; (4) the court should have directed a verdict; and (5) the court erred in the giving and refusing of instructions. We shall examine the assigned errors in the order enumerated.

It is urged that the determination to "relinquish" jurisdiction of a minor by a court acting under § 702-7 of c 37, Ill Rev Stats 1967, is a judicial act and that there must be supporting evidentiary basis upon which the court can act. In this case the court ascertained the age of the defendant and then took judicial notice of other proceedings involving the defendant which were then pending in the Circuit Court of Vermilion County. The appellant seems to concede that under the cases cited by him no consent of a juvenile court is required before a minor may be prosecuted on a criminal charge. The cases cited relate to the predecessor of the present section 702-7. Those cases are: People v. Fitzgerald, 322 Ill 54, 152 NE 542 (1926); People v. Lattimore,

362 Ill 206, 199 NE 275 (1935) ; and People ex rel. Malec v. Lewis, 362 Ill 229, 199 NE 276 (1935).

█ These cases were discussed in People v. Hester, 39 Ill2d 489, 237 NE2d 466 (1968). From our reading of the Hester case, we must conclude here that there was no error in the proceedings in the trial court involving the absence of objection being lodged by the juvenile court to subsequent prosecution of the defendant under the criminal laws. See People v. Eaton, 108 Ill App 2d 463, 247 NE2d 919 (4th Dist 1969) (opinion filed 5-22-69).

The second asserted error in this proceeding relates to the alleged racial imbalance of the jury. The record indicates that the defendant, a Negro, was tried by an all-white jury. The sole Negro on the jury panel was removed by the court for cause after he conceded that he had discussed the case with a police officer who was a neighbor and thereby had some familiarity with the instant proceeding.

██ It is settled beyond debate that a conviction cannot stand if based upon a verdict of a petit jury from which members of the Negro race were systematically excluded by reason of their race. Whitus v. State of Georgia, 385 US 545, 17 L Ed2d 599, 87 S Ct 643 (1967). In the face of an allegation of systematic exclusion the burden is upon the defendant to prove the existence of purposeful discrimination and once a prima-facie case is established, then the burden shifts to the prosecution. In this case the only thing in the record relating to systematic exclusion of members of the Negro race is the assertion in the challenge to the array that members of the Negro race were systematically excluded. Appended to this is information as to the population composition of Vermilion County and the percentage of persons of the Negro race who live in that county.

■ In People v. Cross, 40 Ill2d 85, 237 NE2d 437, cert den, 393 US 221, 21 L Ed2d 393, 89 S Ct 468 (1968), the Illinois Supreme Court considered this specific issue as it related to this specific county. The Cross case is determinative of this issue. Here, as in Cross, there was no evidence as to the method by which the petit jurors were selected, and the allegation in the affidavit relating to the population of the county and its percentage of Negro residents was determined to be insufficient to make out a prima-facie case of systematic and deliberate exclusion of Negroes. The record in this case is less sufficient than the record indicated in Cross.

Prior to trial the defendant filed a motion for discovery. Among the many things requested, he sought a summary of all statements and information favorable to his innocence including inculpatory statements or confession of others and reports of investigators and lie-detector operators. This motion was heard after an answer and objections thereto were filed. The motion was taken under advisement on May 15, 1968.

One of the statements involved, being a statement of a witness—Ronnie Love—was again demanded during his cross-examination at the time of trial. The witness's statement was then made available to the defense counsel in the presence of the jury. The statement was used for purposes of cross-examination. In this state of the record we find no basis for examining the permissible scope of pretrial discovery as urged by the defendant. The issue here is not the desirability of the liberalization of discovery but rather whether the issue of failure to obtain pretrial discovery is preserved by this record so as to present an issue on appeal. We think it is not.

■ That which the defendant sought he ultimately obtained and used. That which he did not get at an earlier time could well have been delayed by reason of the motion having been taken under advisement. The record

does not indicate an effort to get an earlier ruling on the motion nor does it indicate any substantial prejudice to the defendant by reason of not obtaining the statement of Love at an earlier date. As to the issue of pretrial discovery, see: People v. Tribbett, 90 Ill App 2d 296, 232 NE2d 523 (4th Dist 1967); People v. Endress, 106 Ill App2d 217, 245 NE2d 26 (4th Dist 1969).

The remaining issues relate to the refusal of the trial court to direct a verdict at the close of the People's case for the asserted grounds that the People did not establish mental competency and further that the jury was improperly instructed on the issue of mental competency.

The People and the defendant agree on the general statement to the effect that the rule is well established that when the issue of mental competency has been raised the burden of proof is on the People, or as stated in People v. Gold, 38 Ill2d 510, 514 (232 NE2d 702, 705, cert den, 392 US 940, 20 L Ed2d 1400, 88 S Ct 2317 (1968)):

> "This court has consistently held that once evidence is introduced which is sufficient to beget a reasonable doubt of sanity it becomes incumbent on the State to prove beyond a reasonable doubt that the accused had sufficient capacity at the time of the crime for its commission. (People v. Robinson, 22 Ill2d 162 [174 NE2d 820 (1961)]; People v. Bender, 20 Ill2d 45 [169 NE2d 328 (1960)]; People v. Munroe, 15 Ill2d 91 [154 NE2d 225 (1958)]; People v. Patlak, 363 Ill 40 [1 NE2d 228 (1936)]; People v. Krauser, 315 Ill 485 [146 NE 593 (1925)].) . . . ."

■ In this case a witness, Geraldine Parker, testified for the People. This witness—fifteen years old—was an eighth-grade student. She testified that she did not know the defendant well but she did know him

when she saw him. In response to further examination she used the expression "crazy" several times and did state, when pressed to be more specific as to her meaning of that term, that she did believe the defendant had a mental problem. Her testimony is all that is in the record upon which the defendant asserts error in denying the directed verdict and in refusal to give instructions on mental competency. We find no such error.

There must be some evidentiary basis sufficient to raise a question or to beget a reasonable doubt as to sanity as stated in Gold. We cannot say that this testimony of the witness, Geraldine Parker, is of sufficient quantity or quality to beget such a reasonable doubt. Notwithstanding the liberal rules which permit laymen to express nonexpert opinions on mental condition, certainly the expression of such an opinion must be preceded by some foundation showing that the nonexpert had an opportunity to observe and to formulate an opinion. See People v. Williams, 38 Ill2d 115, 230 NE2d 224 (1967).

■ The instructions that were refused on the issue of mental competency and presumption of sanity were properly refused. As succinctly stated in the Committee Comments, IPI—Criminal at 435:

> ". . . if there is some evidence of insanity, the state must prove the defendant sane beyond a reasonable doubt; . . . .
>
> ". . . the Illinois Supreme Court has long recognized that when some evidence of insanity . . . is adduced, the jury should not be instructed on the presumption of the existence of the contrary state, i. e., sanity. (Citations omitted.) . . ."

See also People v. Haun, 71 Ill App2d 262, 217 NE2d 470 (4th Dist 1966).

The judgment of the Circuit Court of Vermilion County is affirmed.

Judgment affirmed.

TRAPP, P. J. and SMITH, J., concur.