THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT E. FLOWERS, Defendant-Appellant

First District (1st Division)   No. 84—0287

Opinion filed April 29, 1985.

James J. Doherty, Public Defender, of Chicago (Jeffrey M. Howard, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Mary Ellen Dienes, and Frank S. Gildea, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Robert Flowers, was charged by indictment with two counts of armed robbery. (Ill. Rev. Stat. 1981, ch. 38, par. 18—2.) The indictment alleged that at approximately 10:45 p.m. on September 18, 1982, defendant robbed two women at knifepoint on the 1400 block of North Astor Street in Chicago. Defendant is a black man and both victims were white.

Defendant's trial took place in the courthouse for the second district of the circuit court of Cook County, located in Skokie. Prior to jury selection, defense counsel made an oral motion to dismiss the venire based on an allegedly improper system of selecting venires which lead to an underrepresentation of blacks on venires in the second district. No offer of proof was made, and the trial judge denied the motion. Attorneys for both sides then excused the court reporter soon after the jury selection began. During the trial, defense counsel repeatedly commented that only white persons had been chosen to serve on defendant's jury; however, the jury cards were not preserved. After hearing the evidence, the jury found defendant guilty on both counts of armed robbery. Following a sentence hearing, defendant was sentenced to 10 years in the Illinois Department of Corrections on each count, with the terms to run concurrently.

Defendant contends on appeal that the system of selecting a venire for second district cases violated his constitutional right to a jury drawn from a fair cross-section of the community. He alleges that potential jurors are given a choice of serving their terms of jury duty at the second district courthouse in Skokie. This so-called "personal choice" system, in defendant's opinion, results in an underrepresentation of blacks on the venires because few blacks live in the "nearly all white northern portions of Cook County which make up the second district" and other blacks summoned for jury duty would prefer not to travel the "long distances" from their homes to the second district. As a result of this system, defendant claims that he was confronted with a venire selected in a racially discriminatory manner.

■ Defendant does not attack the statutory method of jury se-

lection, which under Illinois law must be accomplished by chance. (Ill. Rev. Stat. 1981, ch. 78, pars. 8, 20 and 32.1.) Hence, his reliance on *Duren v. Missouri* (1979), 439 U.S. 357, 58 L. Ed. 2d 579, 99 S. Ct. 664, and *Taylor v. Louisiana* (1975), 419 U.S. 522, 42 L. Ed. 2d 690, 95 S. Ct. 692, is misplaced, since both involved challenges to statutes. Here, defense counsel alleged that some unknown person in the Cook County jury commissioner's office informed him that it was the practice of the Cook County jury commission to assign people summoned for jury duty to the second district based upon where the juror lived. However, he neither made an offer of proof nor presented any evidence to substantiate his claim that the jury commissioner improperly injected geographical considerations into the system of assigning potential jurors. Absent any evidence to the contrary, we must presume that the Cook County jury commission properly performed its duties. See, *People v. Beacham* (1980), 87 Ill. App. 3d 457, 467-68, 410 N.E.2d 87, *appeal denied* (1980), 81 Ill. 2d 594.

In support of his contention, defendant now asks us to take judicial notice of 1980 Federal census statistics showing the proportionate presence of blacks in the total population of Cook County and in the municipalities comprising the second district. This data was not offered into evidence at trial and defendant's motion to supplement the record on appeal with this information was denied. The State's motion, which was taken with the case, to strike defendant's brief because of its reliance on the Federal census statistics is now denied.

■■ ■ While the failure to offer these statistics into evidence at trial does not preclude our taking judicial notice (*Island Lake Water Co. v. Illinois Commerce Com.* (1978), 65 Ill. App. 3d 853, 857, 382 N.E.2d 835; *People v. Walker* (1978), 59 Ill. App. 3d 192, 205, 375 N.E.2d 843, *appeal denied* (1978), 71 Ill. 2d 613), they do not aid defendant's cause. It is well established that, in the absence of evidence as the method by which the venire was selected, statistics relating to the percentage of blacks in the county are insufficient to make out a *prime facie* case of systematic and deliberate exclusion of blacks. (*People v. Cross* (1968), 40 Ill. 2d 85, 87-88, 237 N.E.2d 437, *appeal dismissed* (1968), 393 U.S. 221, 21 L. Ed. 2d 393, 89 S. Ct. 468; *People v. Davenport* (1969), 111 Ill. App. 2d 197, 200-01, 249 N.E.2d 328.) Here, other than defense counsel's unsupported allegations, defendant failed to introduce any evidence as to how venires were selected in Cook County. Consequently, he failed to make out a *prima facie* case of systematic exclusion of blacks from the venires in the second district.

■■ In addition, defendant failed to preserve properly this issue for appeal. A challenge to a particular jury array must be in the form of a written motion supported by affidavits containing facts which show that the jury panel was improperly selected. (Ill. Rev. Stat. 1981, ch. 38, par. 114—3; see also *People v. Rosa* (1982), 111 Ill. App. 3d 384, 444 N.E.2d 233; *People v. Perry* (1980), 81 Ill. App. 3d 422, 401 N.E.2d 1263, *appeal denied* (1980), 81 Ill. 2d 597, *cert. denied* (1981), 451 U.S. 983, 68 L. Ed. 2d 839, 101 S. Ct. 2313.) Moreover, the statutory provision dealing with challenges to a venire provides:

"No objection, exception or challenge to any petit or grand jury or to any panel of petit or grand jurors shall be allowed at any time because of any failure to comply with the provisions of this act or of the said rules, unless the party urging the same shall show to the court that actual and substantial injustice has resulted or will result to him because of the error or defect charged." Ill. Rev. Stat. 1981, ch. 78, par. 35.

■■ In the instant case, there can be no dispute but that defendant's oral motion did not comply with the statutory requirements for challenging the manner in which the venire was selected. Moreover, defendant has failed to show that "actual and substantial injustice has resulted" in the instant case. (See *People v. Beacham* (1980), 87 Ill. App. 3d 457, 410 N.E.2d 87.) By allowing the court reporter to be excused during the jury selection process and failing to preserve the jury cards, defendant precluded any showing that the particular venire and jury which he faced was racially imbalanced or improperly selected.

Given the evidentiary vacuum in this case and defendant's failure to properly preserve this issue for appeal, we have no choice but to affirm the trial court's denial of defendant's motion to dismiss the venire. Accordingly, we also affirm his conviction and sentence.

Affirmed.

CAMPBELL and BUCKLEY, JJ., concur.