THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY JOHNSON *et al.*, Defendant-Appellant.

First District (4th Division)   Nos. 84—0783, 84—0784 cons.

Opinion filed April 9, 1987.

James J. Doherty, Public Defender, of Chicago (Hugh Stevens, Assistant Public Defender, of counsel), for appellants.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Kevin Sweeney, and Charles J. Thut, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

Following a jury trial, defendants Keith Williams and Jerry Johnson · were convicted of attempted murder, aggravated battery, and home invasion. The court sentenced defendants to 20 years' imprisonment on each count, the sentences to run concurrently. On appeal, defendants raise the following issues: 1) whether the method of drawing the jury venire for the defendants' petit jury denied the defendants due process and equal protection; 2) whether the court improperly excluded the impeachment of a witness with his guilty pleas to certain offenses; 3) whether the evidence supports the home invasion and attempted murder convictions. We affirm.

BACKGROUND

The following summarizes the evidence presented at trial. Bennie Byas (Byas) was asleep with his girlfriend, Josie Bankston (Bankston), in his apartment on November 17, 1982, when he was awakened by his doorbell. He went to the door and saw through the window the defendant, Jerry Johnson (Johnson), whom he knew then only as "Jerry." Johnson told Byas that his car had broken down· and asked to use Byas' telephone. As Byas was opening the door, Johnson pushed it in and handcuffed Byas' left wrist. Another man, whom Byas did not know, but whom he later identified as the defendant Keith Williams (Williams), followed Johnson into the apartment.

Johnson and Williams demanded Byas' money, wallet, and keys. Byas gave them his pants which contained his wallet with $20 in it. When Byas refused to lie on the floor, Johnson hit him and told Williams to kill Byas' girlfriend, Bankston: As Williams started for the bedroom, Byas wrestled with Johnson for the gun and yelled a warning to Bankston. Williams shot Byas in the leg and arm. Johnson hit Byas with his gun; the gun discharged and a bullet grazed Byas' forehead.

Johnson and Williams fled but both were apprehended a short time later near Byas' apartment. According to the police, Williams was carrying an empty shoulder holster. Byas and Bankston identified Johnson and Williams. Anita Beck identified Johnson as the man who ran in front of her car as she drove by the apartment close to the time of the shooting.

Both Williams and Johnson admitted they came to Byas' apartment building near the time of the incident but deny they ever entered the building. Defendants Keith Williams and Jerry Johnson were convicted and sentenced as previously noted.

OPINION

The defendants were brought to trial in the Markham, Illinois, court, located on the far south side of Cook County. Under Cook County circuit court rules a jury venire at Markham may be drawn from the entire county or the southern half of the county. Defendants argue that the jury venires summoned for duty in the Markham court facility are always drawn from the southern half of the county. By contrast, according to defendants, jury venires summoned to duty at the criminal court building, also located on the county's south side, are always drawn from the entire county.

Section 9.2 of "An Act in relation to jury commissioners ***" (Act) provides that in counties containing more than one million inhabitants, jurors may be drawn from such parts of the county as are determined by court rule to be most favorable to an impartial trial and to not incur unnecessary expense or unduly burden the citizens. (Ill. Rev. Stat. 1985, ch. 78, par. 32.2.) Cook County Circuit Court Rule 0.4 (Rule 0.4) divides Cook County into three parts: Part I is composed of the entire county. Parts II and III are composed primarily of the northern and southern halves of the county, respectively. Under Rule 0.4, prospective jurors are summoned to jury service to a facility within that part of the county from which their names were drawn.

■■ Defendants argue that the jury selection process used at their trial denied them due process and equal protection. (U.S. Const., amends. V, XIV.) Defendants contend that section 9.2 of the Act (Ill. Rev. Stat. 1985, ch. 78, par. 32.2) and Rule 0.4 violate due process because they impermissibly delegate a basic policy decision to the jury commissioners and judges: whether prospective jurors shall be summoned to Markham from the entire county or from the southern half of the county (*Grayned v. City of Rockford* (1972), 408 U.S. 104, 108-09, 33 L. Ed. 2d 222, 227-28, 92 S. Ct. 2294, 2298-99). They also allege that they were denied equal protection because similarly situated criminal defendants receive juries drawn from a different segment or cross-section of the county. The State asserts defendants waived these issues because they failed to raise the issues below or to follow the statutory requirements for preservation of a challenge to a jury array. We hold that, based upon the record in this case, defendants were not denied their due process and equal protection rights. Moreover, we hold that defendants waived their challenge to the venire.

■■ It is fundamental that constitutional issues may not be properly raised for the first time in a court of review. (See *People v. Walker* (1980), 83 Ill. 2d 306, 314-15, 415 N.E.2d 1021; *People v. Lang*

(1984), 127 Ill. App. 3d 313, 317, 468 N.E.2d 1303.) To properly preserve a challenge to a jury array, the objection must be in the form of a written motion supported by affidavits which show that the panel was improperly selected or the defendant must show that actual or substantial injustice resulted from the alleged improper selection method. Ill. Rev. Stat. 1985, ch. 38, par. 114—3(b); Ill. Rev. Stat. 1985, ch. 78, par. 35; *People v. Flowers* (1985), 132 Ill. App. 3d 939, 942, 478 N.E.2d 524, *appeal denied* (1985), 108 Ill. 2d 575, 483 N.E.2d 885; *People v. Beacham* (1980), 87 Ill. App. 3d 457, 467, 410 N.E.2d 87, *appeal denied* (1980), 81 Ill. 2d 603; but see *People v. Flowers* (1985), 108 Ill. 2d 575, 577-78, 483 N.E.2d 885, 886 (Simon, J., dissenting), *denying appeal from* (1985), 132 Ill. App. 3d 939, 478 N.E.2d 524.

■ Both before and after trial, defendants filed motions objecting to the jury selection process and requesting an evidentiary hearing. The trial court overruled the objections, denied the requests for a hearing, and quashed the subpoenas of the four witnesses defendant summoned to testify regarding the manner in which Rule 0.4 is implemented. At trial, defendants argued that the absence of citizens of particular communities from the jury venire denied them a fair and impartial trial (U.S. Const., amend. VI; Ill. Const. 1970, art. I, sec. 8), whereas on appeal, they argue that Cook County's jury selection system denied them due process and equal protection (U.S. Const., amends. V, XIV). Defendants did not file affidavits supporting either of their written motions challenging the jury array, nor did they show that an actual and substantial injury resulted from the alleged impropriety in the selection method. Thus, defendants waived their challenge to the jury array. We recognize that defendants attempted to preserve their challenge to a jury array by requesting a hearing on their contentions. However, in light of the record before us, the trial court's refusal to grant a hearing was not reversible error. See *People v. Davis* (1984), 121 Ill. App. 3d 916, 921, 460 N.E.2d 471, *appeal denied* (1984), 101 Ill. 2d 548.

■ States are permitted a wide scope of discretion in treating citizens differently. As long as the classification is not wholly irrelevant to the achievement of a legitimate State objective, the classification is constitutionally permissible. (*McGowan v. Maryland* (1961), 366 U.S. 420, 425-26, 6 L. Ed. 2d 393, 398-99, 81 S. Ct. 1101, 1104-05; *Bradley v. Judges of the Superior Court* (C.D. Cal. 1974), 372 F. Supp. 26, 34, *affirmed in part and appeal dismissed in part* (9th Cir. 1976), 531 F.2d 413; but see *People v. Flores* (1976), 62 Cal. App. 3d Supp. 19, 133 Cal. Rptr. 759; *Adams v. Superior Court* (1972), 27 Cal. App. 3d

719, 104 Cal. Rptr. 144.) Dividing a county into parts and drawing jury venires from one part of the county for cases at one court facility and from another part for cases at another facility does not *per se* violate equal protection or deny defendants an impartial trial. (*Cf. People v. Flowers* (1985), 108 Ill. 2d 575, 577-78, 483 N.E.2d 885, 886 (Simon, J., dissenting), *denying appeal from* (1985), 132 Ill. App. 3d 939, 478 N.E.2d 524; *People v. Fort* (1971), 133 Ill. App. 2d 473, 482, 273 N.E.2d 439; *Bradley v. Judges of the Superior Court* (C.D. Cal. 1974), 372 F. Supp. 26, 34-35; *Alvarado v. State* (Alaska 1971), 486 P.2d 891, 902-03.) Based upon these principles, we reject defendants' initial contention that dividing the county geographically for the purpose of jury service, in and of itself, violates equal protection.

Defendants also argue that the jury commissioners' actual practice regarding the drawing of juries violates equal protection. Defendants argue that, although Rule 0.4 allows juries at all court facilities, except the court facility located at the Richard J. Daley Center, to be drawn from either the entire county or the half in which the court is located, in practice, the court facility located at Markham receives only prospective jurors from part III, the southern half, and the court facility at 26th and California receives prospective jurors from the entire county.

Defendants have failed to file affidavits showing what the actual practice for drawing jurors in Markham is or that the alleged practice of drawing venires from a limited geographical area of the county would be prejudicial. The defendants have failed to demonstrate that the alleged practice would result in the exclusion of members of a cognizable group or that there is a strong likelihood that they were excluded solely because of their membership in that group. Nor have the defendants shown the racial composition of the drawn venire. Consequently, defendants have failed to make out a *prima facie* case of systematic exclusion of a cognizable group from venires summoned to Markham. See *People v. Flowers* (1985), 132 Ill. App. 3d 939, 941, 478 N.E.2d 524.

Defendants also assert that the jury selection process violates due process. Due process proscribes the legislature's delegation of basic policy decisions, but allows administrative bodies to make rules and decide the procedure for the implementation of laws. (*People ex rel. Stamos v. Public Building Com.* (1968), 40 Ill. 2d 164, 175, 238 N.E.2d 390.) The Illinois Supreme Court has held constitutionally valid the broad and comprehensive delegation of authority to make rules for drawing juries to county judges and jury commissioners. *People ex rel. Lasecki v. Traeger* (1940), 374 Ill. 355, 359-60, 29

N.E.2d 519, citing *People v. Bain* (1934), 358 Ill. 177, 185, 193 N.E.2d 137; see also Ill. Rev. Stat. 1985, ch. 78, pars. 32.2, 34.

■ Section 9.2 of the Act comports with due process, because it sets out sufficiently intelligible guidelines for the jury commissioners: the most impartial jury and minimal inconvenience and cost to the citizens. (Ill. Rev. Stat. 1985, ch. 78, par. 32.2; see also *People ex rel. Stamos v. Public Building Com.* (1968), 40 Ill. 2d 164, 175, 238 N.E.2d 390.) The Illinois Supreme Court has sanctioned the "broad and comprehensive" delegation of power regarding the drawing of juries contained in the Act (*People ex rel. Lasecki v. Traeger* (1940), 374 Ill. 355, 359-60, 29 N.E.2d 519, 521); the delegations contained in section 9.2 of the Act and in Rule 0.4 go no further (Ill. Rev. Stat. 1985, ch. 78, pars. 32.2, 34). While Rule 0.4 delegates to the jury commissioners the discretion to determine whether prospective jurors are summoned from the entire county or the southern half, the delegation allows the commissioners to implement the policy stated in the Act, not to make policy. Consequently, the jury selection process did not deprive defendants of due process.

■ Defendants also contend that the trial court's refusal to permit the defendants to cross-examine Bennie Byas about his "convictions" for possession of marijuana and theft was prejudicial error. We find that the trial court properly refused to allow such cross-examination.

Theft charges against Byas were dismissed following a period of court supervision. The successful completion of a period of supervision does not result in a conviction and therefore is not the proper basis for impeachment. *People v. Schuning* (1985), 106 Ill. 2d 41, 48, 476 N.E.2d 423; *People v. Leeks* (1986), 143 Ill. App. 3d 46, 50-51, 492 N.E.2d 920.

Following Byas' guilty plea to a possession-of-marijuana charge, the court sentenced Byas to a six-month probation under the Cannabis Control Act (Ill. Rev. Stat. 1985, ch. 56½, par. 710). Since probationary status under the Cannabis Control Act does not amount to a conviction (*People v. DuMontelle* (1978), 71 Ill. 2d 157, 165, 374 N.E.2d 205), a witness cannot be impeached on the basis of this disposition (*People v. DeSavieu* (1983), 120 Ill. App. 3d 420, 429-30, 458 N.E.2d 504, *appeal denied* (1984), 99 Ill. 2d 531). Because defendants made no showing that the conviction was entered, cross-examination as to Byas' prior plea of guilty was properly excluded. See *People v. DeSavieu* (1983), 120 Ill. App. 3d 420, 429-30, 458 N.E.2d 504; *cf. People v. Tyson* (1985), 137 Ill. App. 3d 912, 919, 485 N.E.2d 523; *People v. Lashmett* (1984), 126 Ill. App. 3d 340, 345-46, 467 N.E.2d

356, *appeal denied* (1984), 101 Ill. 2d 585.

■ Finally, defendants argue that the evidence was insufficient to support their convictions. Byas positively identified the defendants as the men who forcibly entered his apartment, armed with handguns, threatened his girlfriend, and shot him in the arm, leg, and head. We reject defendants' contention that Byas' testimony was so unsatisfactory as to raise a reasonable doubt of their guilt. We find the evidence sufficient to support the convictions.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, J., and LINN, J., concur.