THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CHRISTOPHER N. EVANS, Defendant-Appellant.

Fourth District   No. 4—90—0114

Opinion filed September 25, 1990.

Michael J. Costello, of Immel, Zelle, Ogren, McClain & Costello, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Defendant appeals from denial of a motion to withdraw his guilty plea and reconsider his sentence for burglary. We affirm.

On April 28, 1989, defendant pleaded guilty to four counts of burglary which he committed August 22 and 23, 1988. Defendant then applied for sentencing under section 10—101 of the Illinois Alcoholism and Other Drug Dependency Act (Act) (Ill. Rev. Stat. 1987, ch. 111½, par. 6360—1). On January 2, 1990, the court denied defendant's election under the Act and sentenced him to concurrent five-year terms of imprisonment on each count. These five-year terms were to be served concurrently with concurrent prison sentences defendant was already serving in another county for residential burglary (six years) and theft over $300 (three years). Defendant was convicted of the residential burglary and theft over $300 charges on April 7, 1988, in Menard County.

Defendant filed a motion to vacate his guilty plea under Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)) and a motion to correct and reconsider his sentence. The court denied defendant's motions, and the defendant filed a timely notice of appeal. On appeal, defendant argues that the court erred in finding him ineligible for sentencing under the Act and that the court's sentence was excessive and should be reduced.

■ Defendant's first argument, that the court erred in determining he was not eligible for sentencing under the Act, is without merit. Section 10—101(g) of the Act provides that an addict or alcoholic who is convicted of a crime may elect treatment under the supervision of a licensed program designated by the Department of Alcoholism and Substance Abuse unless the person has been convicted of residential

burglary and has a record of one or more felony convictions. The court noted that defendant had a conviction for residential burglary and had, through his pleas in the instant case, a record of one or more felony convictions. Thus, the court found section 10—101(g) applied, and defendant was ineligible for sentencing under the Act. Defendant contends, however, that only the residential burglary conviction requirement of section 10—101(g) was satisfied here because he had no other felony record except the instant charges. Defendant believes the instant charges may not be used to satisfy the "one or more felony convictions" of section 10—101(g) to find him ineligible for sentencing under the Act. We need not address this argument, however, as defendant did have a prior felony record, the conviction for theft over $300, which the trial court apparently overlooked. Defendant, therefore, was not eligible to elect sentencing under the Act due to section 10—101(g).

Defendant next argues the conviction for theft over $300 cannot be used as the felony to satisfy the "one or more felony" requirements of section 10—101(g) because the conviction arose from the same incident as the residential burglary conviction. A similar argument was raised in *People v. McCray* (1983), 116 Ill. App. 3d 24, 451 N.E.2d 985. In *McCray*, the trial court found the defendant ineligible for sentencing under the Act's predecessor statute, section 8 of the Dangerous Drug Abuse Act, because of his two previous convictions for crimes of violence. Section 8(c) of the Dangerous Drug Abuse Act provided that an addict charged with, or convicted of, a crime was ineligible to elect treatment instead of prosecution or probation if the addict had a record of two or more convictions for crimes of violence. (Ill. Rev. Stat. 1981, ch. 91½, par. 120.8(c).) The defendant in *McCray* argued that two or more convictions resulting from the same incident should count as only one conviction under section 8. The appellate court disagreed and noted the unambiguous language of the statute and the plain meaning of the word "conviction."

In the instant case, defendant argues that *McCray* is not on point because the crimes in *McCray* were crimes of violence. Defendant further argues that because residential burglary is closely associated with theft, the two should not be separate convictions for the purposes of the Act. However, the language of the Act does not reveal any intention of the legislature to disqualify a felony conviction because it occurred at the same time of the residential burglary. Specific words in a statute, not defined by the legislature, will be assumed to have their ordinary and popularly understood meaning. (*People v. Fink* (1982), 91 Ill. 2d 237, 240, 437 N.E.2d 623, 624.) The

word "conviction" as used throughout the Criminal Code of 1961 results from a judgment or sentence upon the finding of guilty to "an offense." (Ill. Rev. Stat. 1987, ch. 38, par. 2—5.) Even though the convictions for residential burglary and theft over $300 arose from the same incident, each was for a separate offense based on a different physical act. Section 10—101 of the Act unambiguously refers to convictions without regard to whether they arise from the same course of conduct. We cannot restrict or enlarge the plain meaning of an unambiguous statute. (*Bovinette v. City of Mascoutah* (1973), 55 Ill. 2d 129, 133,302 N.E.2d 313, 316.) Defendant has separate convictions for residential burglary and a felony and was thus not eligible for sentencing under the Act.

Defendant next argues that the sentences imposed were excessive and should be reduced. This argument is also without merit. Defendant believes that considering his past record (consisting of only misdemeanors prior to the residential burglary conviction), his age, and his drug problem, the court abused its discretion in sentencing him to five years' imprisonment on each count. Specifically, defendant believes the court failed to consider his rehabilitative potential.

■■ ■ A sentence imposed within statutory guidelines should not be disturbed on review as excessive unless there has been an abuse of discretion or the sentence is greatly at variance with the purpose of the law. (*People v. Michels* (1979), 72 Ill. App. 3d 182, 390 N.E.2d 927.) This is true because the trial court is best suited to tailoring a sentence to fit the needs of the case. (*People v. Brooks* (1989), 179 Ill. App. 3d 767, 534 N.E.2d 1063.) The permissible sentencing range for burglary is three to seven years. (Ill. Rev. Stat. 1987, ch. 38, pars. 19—1, 1005—8—1(a)(5).) Defendant received a sentence of five years. The record shows that the trial court properly weighed aggravating and mitigating factors before imposing the concurrent five-year sentences. No abuse of discretion occurred. Accordingly, the sentences are affirmed.

Affirmed.

LUND and McCULLOUGH, JJ., concur.