**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Demetric LLOYD, Defendant–Appellee.**

No. 99–1140.

United States Court of Appeals,
Seventh Circuit.

Argued May 21, 1999.

Decided July 19, 1999.

Helene B. Greenwald (argued), Office of the United States Attorney, Criminal Division, Chicago, IL, for Plaintiff–Appellant.

Thomas J. Royce (argued), Chicago, IL, for Defendant–Appellee.

Before FLAUM, KANNE and ROVNER, Circuit Judges.

FLAUM, Circuit Judge.

In 1997, a grand jury indicted Demetric Lloyd on three counts of firearm-related offenses. The first two counts are not at issue in this appeal. Count Three alleged that Lloyd was a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). On the defendant's motion, the district court dismissed this count, holding that under Illinois law, Lloyd was not a felon for § 922(g)(1)'s purposes. The government appealed this decision, and we reverse.

### Facts

On March 11, 1991, Demetric Lloyd pled guilty in state court to a drug trafficking felony. Under a first-time offender plan established by Illinois, the state court accepted the plea, and without entering a conviction against him, sentenced Lloyd to one year of probation. *See* 720 ILCS 570/410. This statute, still in effect, provided that if Lloyd successfully completed his probation, the state court would discharge and dismiss the case against him. Illinois petitioned for revocation of Lloyd's probation on March 9, 1992 for reasons unspecified in (and irrelevant to) the record on this appeal, thus tolling the running of Lloyd's term of probation. The state later withdrew its petition and on August 27, 1992, Lloyd successfully completed his probation, and the charge against him was dismissed.

On June 3, 1997, Lloyd and Ernest Macon were indicted for an alleged scheme in which Macon procured fourteen guns for Lloyd between an unspecified date in February 1992, and August 7, 1992. The first two counts of the indictment alleged that the purchases were illegal straw transactions. Count Three charged that Lloyd, "having previously been convicted of a crime punishable for a term exceeding one year" illegally possessed two high-caliber pistols on August 7.

In the district court, the defendant moved for dismissal of Count Three, arguing that under Illinois law, his plea was not a conviction, and thus the federal felon-in-possession statute was inapplicable to him. Lloyd bolstered this claim by pointing to the fact that his civil rights, including the right to carry a firearm, were completely restored after he completed his probation. The district court accepted this argument, and granted the defendant's motion to dismiss the indictment. The government then instituted this appeal.

### Analysis

Our review of the district court's construction of Illinois and Federal statutes—and the ultimate decision to dismiss Count Three because the defendant had not previously been "convicted"—is de novo. *United States v. Hayes*, 5 F.3d 292, 294 (7th Cir.1993); *United States v. Walker*, 489 F.2d 1353, 1356–57 (7th Cir.1973) (in reviewing dismissal of indictment, appeals court gave no deference to district court's construction of statute).

What constitutes a conviction for § 922(g)(1) "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). Section 922(a)(20) also provides that "[a]ny conviction . . . for which a person . . . has had civil rights restored shall not be considered a conviction . . . unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms." *Id.* Thus, to determine whether § 922(g)(1) applies to Demetric Lloyd, we apply a two-part test. First, under 720 ILCS 570/410, we analyze whether Lloyd was "convicted" of a crime. If we determine he was not convicted, § 922(g)(1) is inapplicable, and our inquiry ends. If he was, however, we proceed to the second step, and ask whether his civil rights were restored. As part of the second step we must ascertain whether the restoration of civil rights was complete, or if it excepted the right to possess firearms. If the defendant remained ineligible to carry or possess a firearm, § 922(g)(1) applies. *See*

*United States v. McKinley,* 23 F.3d 181, 183 (7th Cir.1994).

■ Before proceeding further, an important temporal issue must be decided. The defendant urges us to determine whether § 922(g)(1) applies by asking what his status was under Illinois law on the day he was indicted: June 3, 1997. The district court accepted this argument, and determined that as of that date, Lloyd had no convictions on his record. The government wisely concedes that if the defendant's time frame is accepted, its position fails, because after August 27, 1992 (the date on which the defendant's probation was completed, and the charge against him dismissed), Lloyd was not convicted under Illinois law. Instead, it argues that our analysis must focus on August 7, 1992—the date on which the defendant allegedly committed the act at issue in Count Three. That date preceded the defendant's completion of his probation, and thus the state charges against him had not yet been dismissed.

Because this question is controlled by *United States v. Lee,* 72 F.3d 55 (7th Cir. 1995), we accept the government's argument. In *Lee,* the defendant was convicted by Indiana in 1988, and he violated § 922(g)(1) in 1994. 72 F.3d at 56. Prior to his federal trial, but after Lee committed the acts comprising the federal charges against him, Lee's state conviction was expunged *ab initio*—that is "as if he had never been convicted at all." *Id.* Lee asserted that because this expungement should be given retroactive effect, he could not have been a felon at the time of his § 922(g)(1) violation. *Id.* We rejected this argument, holding that the relevant inquiry was "whether [the defendant's] conviction had been expunged at the time he committed the § 922(g) violation—January 1994." *Id.* at 58 (citing *United States v. Chambers,* 922 F.2d 228, 238–39 (5th Cir. 1991)); *accord United States v. Kahoe,* 134 F.3d 1230 (4th Cir.1998). *Lee 's* holding was based on the recognition that " 'Congress clearly intended that the defendant

clear his status before obtaining a firearm, thereby fulfilling [its] purpose broadly to keep firearms away from ... persons ... classified as potentially irresponsible and dangerous.' " *Lee,* 72 F.3d at 58 (quoting *Lewis v. United States,* 445 U.S. 55, 64–65, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980)) (emphasis omitted). Accordingly, our two-step inquiry must focus on Lloyd's status on August 7, 1992.

**A.**

■ The first step asks whether under Illinois law the defendant was convicted. The specific statute the defendant was sentenced under states that the type of plea he entered is "considered to be a conviction for the purposes of imposing the conditions of probation and appeal." 720 ILCS 570/410(g). However, once a defendant successfully completes his term of probation, "discharge and dismissal [which happens automatically after probation ends] ... [does not count as] a conviction for purposes of the [statute] or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." 720 ILCS 570/410(g). Although this statutory directive does not at first glance appear to mandate a holding that Lloyd's guilty plea was a conviction, a closer examination of this language reveals a strong indication that a defendant is effectively deemed convicted during the period of his probation, but may upon successful completion of probation (i.e. discharge and dismissal), have the conviction expunged. *See United States v. Gomez,* 24 F.3d 924, 927–28 (7th Cir.1994) (finding that under 720 ILCS 570/410 state treated a defendant's plea and sentence as a "conviction" during the length of his probation); *see also Odom v. Community Unit School Dist. No. 365–U,* 1998 WL 808861 at *3 (N.D.Ill. Nov.16, 1998) (while defendant is on § 570/410 probation, his "probation can only be considered a conviction" under Illinois law). Although Illinois courts have not addressed this question, their jurisprudence suggests that during the probation period, guilty pleas should be treated as convictions. For example, in *McIntyre v. Harris,* the court repeatedly referred to

the plaintiff's "conviction" as having been dismissed under § 570/410 after he successfully completed probation. 304 Ill. App.3d 304, 237 Ill.Dec. 513, 709 N.E.2d 982, 985 (1999). That court also referred to McIntyre's disposition under § 570/410 as a "prior conviction" that had been dismissed. *Id.* Additionally, in *People v. Lowey*, a court held that under a nearly identical statute to 720 ILCS 570/410, a defendant could be sentenced to prison time as part of his probation. 271 Ill. App.3d 929, 208 Ill.Dec. 594, 649 N.E.2d 954, 957 (1995). This bolsters the government's reading of the statute, because, under the circumstances, the state could not otherwise justifiably incarcerate a defendant unless he had been convicted of breaking the law. Another facet of § 570/410 which strengthens the government's position is its directive that all probationers shall "refrain from possessing a firearm." § 570/410(c)(2). The imposition of this disability also strongly suggests that a defendant who pleads guilty under this statute has been "convicted" until he has successfully completed probation.

We recognize that Illinois courts have held that a party cannot use a § 570/410 adjudication as evidence of a conviction to impeach a witness/probationer even before charges are dismissed. *People v. Hughes*, 274 Ill.App.3d 107, 210 Ill.Dec. 623, 653 N.E.2d 818, 823–24 (1995); *People v. Johnson*, 154 Ill.App.3d 301, 107 Ill.Dec. 515, 507 N.E.2d 179 (1987). This, however, does not undermine our holding that for purposes of § 922(g)(1), Lloyd had been convicted, because, as we have already observed, § 570/410 recognizes that in some situations a defendant's guilty plea is considered a conviction, while in others it is not. State court decisions that a § 570/410 plea is not a conviction for purposes of determining witness credibility are therefore not inconsistent with our reading of the statute. For the reasons noted above, including, most significantly the ban on § 570/410 probationers carrying firearms, we find that for the purposes germane to this litigation, Illinois would treat Lloyd as

having been "convicted" during the pendency of his probation.

Moreover, although the district court was troubled by the absence of a formal conviction or other entry of a guilty verdict against the defendant, such an action is not necessary under Illinois law for a disposition to be regarded as a conviction. The Illinois Criminal Code defines a conviction as a "judgment of conviction or sentence entered upon a plea of guilty ... [entered into before] a court of competent jurisdiction." 720 ILCS 5/2–5; *see also People v. Evans*, 203 Ill.App.3d 582, 148 Ill.Dec. 680, 560 N.E.2d 1378, 1379 (1990) ("The word 'conviction' as used throughout the Criminal Code results from a judgment or sentence upon the finding of guilty to an 'offense.' "). Here, a sentence of probation was imposed on the defendant by a competent court, and thus the absence of a formal entry of a guilty verdict is not a bar to deeming the defendant "convicted" before he completed probation and the charge against him was dismissed.

### B.

■ Having determined that for the relevant purposes Illinois would treat the defendant as having been convicted while he was on probation, we must inquire into whether Lloyd had his civil rights restored during that period. *See* 18 U.S.C. § 921(a)(20) (1999). If so, we must also ask whether the restoration of civil rights included the right to carry a firearm. *Id. United States v. Maher*, 145 F.3d 907, 909 (7th Cir.1998). Illinois law does return an individual's civil rights once he has completed probation, and does not except the right to possess a gun. 720 ILCS § 570/410(g).

Here, however, the defendant's conviction had not yet been dismissed because he had not completed probation, and thus his rights were not restored. Most importantly, as previously explained, the defendant was not entitled to carry a gun at the time he allegedly did so in violation of § 922(g)(1). *See* § 570/410(c)(2) ("The conditions of probation shall be that the

person ... refrain from possessing a firearm or other dangerous weapon.") As we held in *United States v. Lee*, the timing of the restoration of an individual's civil rights is crucial: "expungement [of a conviction and the return of rights] must predate the possession of a firearm.... In order for a felon lawfully to possess a firearm, the prior conviction must be expunged before he possesses the weapon." 72 F.3d 55, 58 (7th Cir.1995). The defendant in *Lee*, like the defendant here, "possessed the [gun] ... [when] his conviction had not been expunged and he satisfied all of the elements of 922(g)." *Id.* That is, he had been convicted, and at the time he carried the firearm Indiana had not yet restored his right to do so.

The defendant's effort to distinguish *Lee* is unpersuasive. He contends that in *Lee*, the Indiana statute restoring his civil rights differed from § 570/410 in that it explicitly prohibited the defendant from carrying a handgun. *See* 72 F.3d at 56. Thus, Lee had not had his civil rights fully restored, and under § 922(g), was still susceptible to prosecution. Lloyd argues that the difference between the Indiana and Illinois statutes (the latter of which restores the right to carry a gun) makes *Lee* inapplicable. We reject this argument because on the date relevant to our inquiry (August 7, 1992), the Illinois statute restoring the defendant's right to carry a firearm did not apply to him. Thus, this defendant was in the same situation as the defendant in *Lee*: prohibited from carrying a gun. Accordingly, Lloyd cannot differentiate *Lee*, and it controls the outcome in this case.

We emphasize again that if our analysis focused on Lloyd's status after his probation expired and his conviction was discharged and dismissed, the outcome would be different. At that point Illinois law restores all civil rights to the former probationer including the right to carry a firearm. Thus, had Lloyd waited until af-

ter that right was reinstated to possess a gun, Count Three of the indictment could not stand against him, and he would have been entitled to the full benefit of the § 570/410 plea program. Because, however, he transported and possessed guns during the period in which he was both "convicted" and prohibited from carrying firearms, he obtains no such benefit.

### Conclusion

For the foregoing reasons, the district court's dismissal of Count Three of the indictment is REVERSED.