City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. Bethlehem Healing Temple Church, a Religious Corporation, Defendant-Appellant.

Gen. No. 51,528.

First District, Second Division.

March 26, 1968.

Frank E. and Arthur Gettleman, and Charles I. Calisoff, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel of City of Chicago, of Chicago (Harry H. Pollack, Special Assistant Corporation Counsel, Marvin E. Aspen, Assistant Corporation Counsel, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

In a bench trial, the defendant, Bethlehem Healing Temple Church, a Religious Corporation, was found guilty of violating the Chicago Municipal Building Code as to the five enumerated counts in the City of Chicago's complaint. The trial court entered judgment accordingly and imposed a total fine of $500 and costs, without allocation to the specified five counts. The defendant appeals only from the judgment order entered on count three which charges failure to install a standard and approved automatic sprinkler system throughout its entire premises pursuant to sections 48–4.3 and 64–1.2(h) of the Chicago Municipal Building Code.

The record discloses these facts. The defendant owns and maintains a four-story building located at 12–14 South Oakley Avenue in Chicago, Illinois. The first floor contains a church and an auditorium; the second floor, a dining room; the third floor, two meeting rooms and an auditorium; the fourth floor, two meeting rooms. Religious instructions are given to the children of church members on the third and fourth floors of this building.

The classes are held on Wednesdays from 4:00 p. m. to 7:00 p. m. and on Saturdays from 12:00 noon to 5:00 p. m. The instructors are church members who serve without remuneration. They have other gainful, full-time employment. Courses in religious instruction and the study of the Bible are taught to children ranging in age from three to over twelve. Some high school students are in attendance. At any one time on Wednes-

305

days and Saturdays, up to three hundred and fifty children occupy the meeting rooms on the third and fourth floors during their religious instructions. The minimum number of children at any one time is two hundred.

The trial court agreed with the City of Chicago's contention that part of this building was being used for educational purposes from time to time and hence an automatic sprinkler system had to be installed throughout the defendant's entire premises pursuant to the Chicago Municipal Code.

The municipal ordinances in issue are:

> *Section 48–4.3 of the Chicago Building Code:* "Assembly units designed or used for educational or institutional purposes shall be classified as Class C–3, Schools. Every School shall be classified as follows:
>
>> "Type 1 Schools: Type 1 Schools shall include day nursery schools, kindergarten schools, elementary schools, high schools and other similar occupancies.
>> "Type 2 Schools: Type 2 Schools shall include colleges, schools for adult education, commercial and vocational schools and other similar occupancies."
>
> *Section 64–1.2(h) of the Chicago Building Code:* "Automatic sprinkler systems shall be provided in the following buildings and areas:
> "On or before December 31, 1963, in every existing, preordinance building and buildings hereafter erected, two stories or more in height, used in whole or in part as Type 1 School, or used in whole as a Type 2 School. . . ."

In urging reversal of the trial court judgment, the defendant contends: (1) ambiguity is to operate against the party creating it; (2) it is operating a church and not

a school on its premises; (3) the statute requiring the use of sprinklers in schools is a new statute, and as a new statute must be strictly construed; (4) penal or criminal statutes should be strictly construed in favor of the accused; (5) municipal ordinance enforcement proceedings are quasi-criminal in nature and the plaintiff failed to prove its case beyond a reasonable doubt.

In response, the plaintiff argues that the defendant is operating a school in its building and under the City's ordinance, it is required to install an automatic sprinkler system throughout its entire premises.

■ ■ A municipality has no inherent police power. Rather, its authority to enact and enforce regulatory ordinances in the area of public safety must be derived from a specific statutory grant emanating from the State. The City of Chicago has been delegated a portion of the State's police power enabling it to enact and enforce regulatory ordinances in the area of building construction. See the Cities and Villages Act, Ill Rev Stats (1963) c 24, § 11–30–4 and § 1–2–1. See also Chicago v. Washingtonian Home, 289 Ill 206, 124 NE 414 (1919), in which the municipality's delegated regulatory police power exercised through an ordinance requiring the installation of an approved automatic sprinkler system in certain enumerated buildings was upheld.

■ The defendant's first contention is that these municipal ordinances are ambiguous. It cites the court to treatises on contract law which are not persuasive in a case involving statutory interpretation or construction. The language used in the ordinances under consideration here is not ambiguous. Counsel for both sides agree that this ordinance is enacted and enforced in an effort to prevent a tragic fire such as the one at Queen of Angels Parochial School that claimed approximately one hundred lives of children attending school at the time. The words used by the City Council to effect this legislative purpose are clear and not susceptible to more than one meaning.

307

The regulatory ordinance is applicable only to buildings two stories or more in height, which are used in whole or in part as Type 1 *Schools* or in whole as Type 2 *Schools*.

The main issue in this case is not the alleged ambiguity of an ordinance but the legal status of the defendant's four-story building as either a Type 1 School, and hence within the ordinance, or a church, and hence outside the terms of the ordinance. This is a question of law. Neither party cites the court to any cases judicially defining the word "school" but the plaintiff does provide a definition from Webster's New International Dictionary, Second Edition, 1944, wherein school is defined, inter alia, as "a building or room given over to instruction." The defendant's four meeting rooms on the third and fourth floors which are used for religious instruction twice weekly fall within this definition.

In Weisse v. Board of Education, 178 Misc 118, 32 NYS2d 258 (1941), a "school" was held to be an institution consisting of a teacher and pupils, irrespective of age, gathered together for instruction in any branch of learning, the arts or the sciences. See, to the same effect, State v. Superior Court, 55 Wash2d 177, 346 P2d 999, 1002 (1960). Applying the above definitions to this case, we hold that the defendant is operating a school on the third and fourth floors of its building. Adults acting as teachers are present, systematic instruction is given with each new lesson building on the prior instruction, different classes regularly meet on either Wednesday or Saturday of each week, and anywhere from two hundred to three hundred and fifty children are found at any one time on the top two floors of this building on Wednesdays and Saturdays.

The municipal police power ordinance, intended for public safety, particularly schoolchildren while attending their educational institution, is clearly applicable to the facts of this case. The defendant is operating a Type 1 School encompassed in the term "other similar occupan-

308

cies" found in section 48–4.3 of the Chicago Building Code. Since its building is two stories or more in height and is used in part as a Type 1 School, the trial court was correct in its judgment that the defendant must install a standard and approved automatic sprinkler system throughout its entire premises.

Assuming, arguendo, that this ordinance is ambiguous and does require statutory construction, this court would reach the same conclusion. It should be noted that section 48–4.3 specifically enumerates examples of Type 1 Schools and then concludes with the phrase, "and other similar occupancies." Under the rule of statutory construction known as ejusdem generis, the use of the clause or phrase "other" persons or things, immediately following an enumerated listing, means that the word "other" will generally be read as "other such like." See People v. Capuzi, 20 Ill2d 486, 170 NE2d 625 (1960). The specifically enumerated examples of Type 1 Schools found in section 48–4.3 of the Chicago Building Code all have in common the caring and instructing of children from preschool to high school age (i. e., day nursery schools to high schools), and in all of them, we find an adult acting as a teacher and pupils gathered together for instruction in any branch of learning. Defendant's educational efforts in the field of religion certainly fall within this ordinance under the concluding words, "other similar occupancies."

The defendant contends that this is a new statute and also a penal statute since it provides for a monetary penalty. Consequently, it must be strictly construed in its favor. However, in People v. Kirkrand, 397 Ill 588, 74 NE2d 813 (1947), it was held that penal statutes are not to be construed so strictly as to defeat the obvious intention of the legislature. Furthermore, in the construction of a statute, it is proper for the court to look at the evils to be remedied and the objects and purposes to be obtained. A statute enacted to meet a need of the people should be liberally construed in order

that the true intent and meaning of the legislative body may be carried out. See Prosk v. Allstate Ins. Co., 82 Ill App2d 457, 226 NE2d 498 (1967). The ordinances in this case are an example of the municipality's delegated police power, and are intended for the public's safety. In enacting these ordinances, it was the City Council's purpose, admitted by respective counsel on oral argument to prevent a disaster such as occurred at the Queen of Angels Parochial School. Hence, the ordinance must be liberally and not strictly construed.

 The defendant characterizes municipal ordinance enforcement proceedings as quasi-criminal in nature and contends that the plaintiff failed to prove its case beyond a reasonable doubt. In City of Highland Park v. Curtis, 83 Ill App2d 218, 226 NE2d 870 (1967), it was held that a prosecution for the violation of a municipal ordinance to recover a fine or penalty from a defendant, while quasi-criminal in nature, is civil in form and is tried and reviewed as a civil proceeding and not as a criminal prosecution. The City's burden of proof in municipal ordinance enforcement cases at the trial level is that of a clear preponderance of the evidence. This rule of law cannot be applied to this case in which the facts are not in dispute, but rather, the reviewing court is called upon to decide contested issues based upon statutory interpretation or statutory construction, questions of law and not of disputed fact. See Schoenbein v. Board of Trustees, 65 Ill App2d 379, 212 NE2d 380 (1965). The circumstance that the building department might have classified this building as a church (as pointed out by the defendant), whereas the fire department classified it as a school, would not preclude the courts from deciding according to the law pertaining to the facts. Its status is a question of law for the courts, applying rules of statutory interpretation and construction.

This court holds that the defendant is operating a Type 1 School in part of its four-story building within the plain meaning and legislative purpose of sections 48–4.3 and 64–1.2(h) of the Chicago Municipal Code, and hence must comply with the ordinance. The holding in this case must be limited to the facts of this case. In so holding, it is not the court's intention to require sprinkler systems in every church, temple, and synagogue in Chicago holding religious instructions therein. The ordinance is applicable only to buildings of two stories or more used as Type 1 Schools, in whole or in part, or as Type 2 Schools in whole.

For the foregoing reasons the judgment is affirmed.

Judgment affirmed.

BURKE, P. J. and McNAMARA, J., concur.