THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN CHARLES THOMAS, Defendant-Appellant.

Fourth District    No. 4—90—0068

Opinion filed October 31, 1990.

Daniel D. Yuhas and M. Jeffrey Bergschneider, both of State Appellate Defender's Officer, of Springfield, for appellant.

Richard L. Broch, State's Attorney, of Tuscola (Kenneth R. Boyle, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On October 30, 1989, the circuit court of Douglas County entered judgment on a jury verdict finding defendant John Charles Thomas guilty of residential burglary. On December 19, 1989, the court placed defendant on five years' probation pursuant to sections 10—101 and 10—102 of the Illinois Alcoholism and Other Drug Dependency Act (Act) (Ill. Rev. Stat. 1989, ch. 111½, pars. 6360—1, 6360—2). The probation order contained 11 conditions. Defendant appeals the probation order, contending the conditions are beyond the authority of the court. The State concedes several of the conditions were improper. We affirm in part, reverse in part and remand.

No case is directly on point as to what conditions, if any, of probation may be properly imposed upon a probationer under the Act. Section 10—102 of the Act includes, among the matters which a circuit court must admonish a defendant seeking to be "placed on probation and under the supervision of the designated program," the following:

"(c) [I]f he adheres to the requirements of the designated program *and fulfills the other conditions of probation,* he will be discharged, but any failure to adhere to the requirements of the designated program is a breach of probation." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 111½, par. 6360—2.

Subsequently, section 10—102 states:

"Failure of an individual placed on probation and under the supervision of a designated program to observe the requirements set down by the designated program shall be considered a probation violation. Such failure shall be reported by the designated program to the probation officer in charge of the individual and treated in accordance with probation regulations." Ill. Rev. Stat. 1989, ch. 111½, par. 6360—2.

The Act makes no explicit direction as to who determines "the requirements of the designated program." That responsibility appears to be placed by the Act in the Illinois Department of Alcoholism and

Substance Abuse (Department) by section 4—101(c) of the Act, which empowers and directs the Department "[t]o establish comprehensive and coordinated programs and activities for the provision of intervention, treatment, rehabilitation, prevention and education services." (Ill. Rev. Stat. 1989, ch. 111½, par. 6354—1(c).) The Act makes no reference whatsoever as to who prescribes the "other conditions of probation" described in section 10—102 of the Act.

Historical precedent indicates we may not look to the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1001—1—1 *et seq.*) to determine who prescribes the "other conditions of probation," or what those conditions may be. The Act was preceded by the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1971, ch. 91½, par. 120.1 *et seq.*) and the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6301 *et seq.*), which had very similar provisions. As with the Act, neither made reference to the Code.

In *People v. Teschner* (1980), 81 Ill. 2d 187, 407 N.E.2d 49, the question arose as to whether a defendant, ineligible for probation under section 5—5—3 of the Code (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—3) because he was convicted of a Class 2 or greater felony, was eligible for "treatment" under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.8). A divided supreme court stated that reference to "[p]robation," as described in that legislation, was "merely descriptive of the status of the individual when and if he is accepted for treatment." (*Teschner*, 81 Ill. 2d at 192, 407 N.E.2d at 52.) That court then held the limitations of the Code did not control the eligibility of that defendant for probation under the Dangerous Drug Abuse Act. The *Teschner* court also pointed out that in *People v. Phillips* (1977), 66 Ill. 2d 412, 416, 362 N.E.2d 1037, 1039, it had described dispositions under the Dangerous Drug Abuse Act as alternatives to sentences under the Code.

In 1979, section 10 of the Dangerous Drug Abuse Act was amended by Public Act 81—851 (Pub. Act 81—851, §1, eff. Sept. 20, 1979 (Ill. Rev. Stat. 1979, ch. 91½, par. 120.10)), so that a defendant ineligible for probation under section 5—6—1(a) of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—1(a)) was not eligible for the alternative of the Dangerous Drug Abuse Act. That legislation was then amended again in 1981 by Public Act 82—519 (Pub. Act 82—519, eff. Jan. 1, 1982 (Ill. Rev. Stat. 1981, ch. 91½, par. 120.10 (repealed by Illinois Alcoholism and Other Drug Dependency Act (Ill. Rev. Stat. 1987, ch. 111½, par. 6360—1 *et seq.*)))), deleting reference to the Code. Thereafter, the Third District Appellate Court, relying on *Teschner*, held that a person on probation under the Dangerous Drug

Abuse Act could not be required to pay court costs and make restitution. (*People v. Caldwell* (1983), 118 Ill. App. 3d 1027, 455 N.E.2d 893.) Then, after the enactment of the Alcoholism and Substance Abuse Act, that court held that before denying relief under that legislation to a defendant, the circuit court was required to make findings required by that legislation rather than relying upon the provisions of the Code to determine whether probation should be granted. One justice, specially concurring, remarked that the various legislative changes brought the state of the legislation "back to the ruling in *Teschner.*" *People v. Cattaneo* (1986), 147 Ill. App. 3d 198, 202, 497 N.E.2d 1363, 1366 (Heiple, J., specially concurring).

The *Cattaneo* court concluded the evidence could not support a determination that defendant was ineligible for probation under the Alcoholism and Substance Abuse Act. That court ordered the defendant was entitled to probation and treatment under that statute. However, the *Cattaneo* court affirmed the portion of the circuit court judgment which required the defendant to make restitution to the victim of the underlying offense. The restitution order was apparently not attacked on the basis that the Alcoholism and Substance Abuse Act did not authorize such an order.

■ We conclude we cannot rely on provisions of the Code for sustaining the validity of any of the conditions of probation imposed here. These conditions were that defendant (1) not violate any criminal statutes, (2) report to the probation officer as directed, (3) permit the probation officer to visit him, (4) contribute to the support of those for whom he is legally responsible, (5) pay restitution of $180, court costs of $168, and a Violent Crime Victims Assistance Act penalty of $25 (see Ill. Rev. Stat. 1989, ch. 70, pars. 501 through 511), (6) not possess any type of firearm, (7) maintain either employment or enrollment in an approved school, (8) keep the probation officer advised of his place of residence and employment, (9) not leave the State without the court's consent, (10) serve a six-month term of incarceration in the Douglas County jail, and (11) participate in a course of treatment as prescribed by the Treatment Alternative to Street Crimes program.

■ ■ The State agrees with our analysis and confesses that the defendant cannot be required to (1) pay restitution and costs, (2) pay the Violent Crime Victims Assistance Act penalty, and (3) serve a jail term. We agree with the State's analysis. We recognize that the defendant agrees the jail sentence has been served, and thus, the question of its propriety is moot. However, because of the short nature of a sentence of imprisonment likely to be imposed, if permit-

ted, the propriety of such a sentence will almost always be a moot question by the time an appeal from the sentence can be decided. Accordingly, we elect to decide this moot question for the purpose of aiding public officials in enforcement of the Act. *Sosna v. Iowa* (1975), 419 U.S. 393, 399-400, 42 L. Ed. 2d 532, 540-41, 95 S. Ct. 553, 557-58; *People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 2d 618, 104 N.E.2d 769.

■ The only inherent power of courts to incarcerate is that in connection with its contempt power. That is not involved here. All other power arises from legislation. Under *Teschner,* and its progeny, the Code gave the court no power to order incarceration here. The Act did not do so nor does any other legislation. Accordingly, we hold that incarceration may not be imposed as a condition of probation under the Act.

The defendant asserts that incarceration as a condition of the probation here would be inconsistent with section 10—102 of the Act, which states that a defendant is not qualified for treatment under the Act if "his imprisonment or periodic imprisonment is necessary for the protection of the public." (Ill. Rev. Stat. 1989, ch. 111½, par. 6360—2.) However, a case where a defendant is not dangerous but is in need of short punishment to deter him from continued criminal conduct is very likely to exist. Indeed, this is the reason for most incarceration which is imposed as a condition of probation under the Code. A dangerous person should not ordinarily be given probation even after short incarceration.

■ As we previously indicated, the Act seems to provide for the circuit court to impose some conditions of probation which are consistent with the treatment purposes of the Act and the program requirements imposed by the Department. The remaining conditions of probation meet that criterion. Accordingly, we reverse those portions of the judgment on appeal which require defendant to (1) pay restitution and costs, (2) pay the Violent Crime Victims Assistance Act penalty, and (3) serve a jail term. The balance of the judgment is affirmed. The cause is remanded to the circuit court of Douglas County with directions to order that the sum of $373 paid by defendant pursuant to the judgment on appeal be repaid to him subject to any rights under a bond assignment which defendant may have made.

Affirmed in part; reversed in part and remanded with directions.

SPITZ and McCULLOUGH, JJ., concur.