THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TYSON W. STOCKE, Defendant-Appellant.

Fifth District   No. 5—90—0405

Opinion filed April 23, 1991.—Rehearing denied May 28, 1991.

Alan C. Downen, of McLeansboro, for appellant.

Mark Stanley, State's Attorney, of Carmi (Kenneth R. Boyle, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

On December 22, 1989, defendant, Tyson W. Stocke, was charged with driving too fast for conditions, a violation of section 11—601(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—601(a)), as a result of a vehicle collision in which several individuals were seriously injured. On May 15, 1990, following a bench trial before the circuit court of White County, the defendant was found guilty

as charged. Defendant waived a presentence investigation report and, following a sentencing hearing on June 7, 1990, he was sentenced. The sentencing order was modified on July 5, 1990, following defendant's motion to reconsider. Defendant appeals the sentence.

Defendant was placed on conditional discharge for six months. One of the conditions of his discharge is that he serve a period of 75 days' home confinement within the interior of his parents' home except to go to work, to seek medical or dental treatment, to report to his probation officer, or as his probation officer directs. Defendant was also sentenced to serve 15 hours of community service in the form of preparing a speech about the disastrous effect of driving a motor vehicle too fast for conditions and presenting it to driver's education classes throughout the school district. Finally, defendant was ordered to pay cash restitution in the amount of $95,309.04 to the three individuals in the vehicle he struck who were seriously injured. The amount of restitution was to be reduced by the amount paid to the victims by the defendant or by any person on behalf of defendant, including any insurance proceeds the victims may receive on account of the accident or by virtue of any court actions.

At the time of the sentencing hearing, defendant was 18 years of age. He had finished his third year of special education classes at his high school but did not have enough credits to be considered a senior. He was working at a summer job earning minimum wage and had no assets to speak of. There is no evidence that defendant had any past criminal history, or any prior traffic offenses. Defendant's father worked as a mail carrier, his mother as a beautician. Defendant lived with his mother and father.

Defendant presents several issues on appeal: (1) whether a sentence to home confinement is proper as a condition of conditional discharge for a petty offense; (2) whether the order of restitution was proper; (3) whether requiring defendant to present speeches to driver's education classes was an abuse of the trial court's discretion; and (4) whether the sentence as a whole was too severe and therefore an abuse of the trial court's discretion. We will address the issues *seriatim*.

Defendant's first argument is that home confinement is not a proper sentence upon conviction of a petty offense because it amounts to imprisonment, a sentence not authorized by the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1001—1—1 *et seq.*) for a petty offense. Defendant argues that, although home confinement is specifically authorized as a condition of conditional discharge, the legislature did not intend for it to be available in the case of a petty of-

fense. Defendant argues that home confinement was made available as a sentencing alternative as a less expensive method of confining a defendant who was already eligible for a jail sentence. Defendant also argues that to make home confinement available as a sentence for a petty offense increases the penalty for a petty offense because home confinement is tantamount to imprisonment. Defendant argues the legislature never contemplated such a result and certainly never intended such a result.

The State agrees that driving too fast for conditions is a petty offense and that imprisonment is not available as a sentencing option for a petty offense. The State argues, however, that conditional discharge is an appropriate sentence for one convicted of a petty offense, and that home confinement is specifically authorized as a condition of conditional discharge. Furthermore, home confinement is not the equivalent of imprisonment or incarceration.

■■ ■ Section 5—5—3(c)(5) of the Unified Code of Corrections sets forth the authorized dispositions upon conviction of a petty offense. The court may sentence an offender convicted of a petty offense to a period of conditional discharge, to a fine, or to make restitution to the victim. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(5).) The period of conditional discharge is not to exceed six months in the case of a petty offense. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—2(b)(4).) Section 5—6—3 of the Code sets forth the permissible conditions of conditional discharge. Among the conditions permitted but not required is that a defendant serve a period of home confinement. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—3(b)(10).) This condition was added to section 5—6—3 by the passage of Public Act 81—1021, effective in 1979.

The language of section 5—6—3 does not limit the availability of the condition of home confinement to misdemeanants or felons. However, defendant argues that the condition is so limited by implication because home confinement is the equivalent of imprisonment, imprisonment is not an authorized penalty for a petty offense, and the legislature did not intend to increase the penalty for petty offenses by passage of Public Act 81—1021.

We agree with defendant that the legislature did not intend, by passage of Public Act 81—1021, to increase the penalty for petty offenses. However, we do not agree with defendant that home confinement is the equivalent of imprisonment. To the contrary, we think it is quite different from imprisonment and that it is authorized as a penalty for petty offenses by the Unified Code of Corrections.

■ In *People v. Ramos* (1990), 138 Ill. 2d 152, 159, 561 N.E.2d 643, 647, our supreme court held that home confinement is not the equivalent of incarceration:

> "Home confinement, though restrictive, differs in several important respects from confinement in a jail or prison. An offender who is detained at home is not subject to the regimentation of penal institutions and, once inside the residence, enjoys unrestricted freedom of activity, movement, and association. Furthermore, a defendant confined to his residence does not suffer the same surveillance and lack of privacy associated with becoming a member of an incarcerated population."

Although *Ramos* dealt with whether a defendant should receive credit against his sentence of imprisonment for time spent while on bail but subject to home confinement, we think the court's reasoning applies equally to the case at bar. Home confinement simply is not the equivalent of imprisonment. See also *People v. Denning* (1990), 204 Ill. App. 3d 720, 562 N.E.2d 354.

In the instant case, defendant may leave his residence to go to his employment, he may eat and drink what and when he pleases, and, within the confines of his home, may associate with whomever, whenever, he pleases. He is not under guard and, other than not being able to leave his home for purposes of entertainment or personal pleasure, may live a normal life. We think this is a far cry from institutional incarceration and is, under the current statutory scheme, a permissible condition of conditional discharge in the case of a petty offense.

■ ■ The primary rule of statutory construction is to ascertain and effectuate the legislature's intent. In doing so a court must look first to the statutory language itself. If the language is clear, the court must give it effect and should not look to extrinsic aids for construction. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277, 469 N.E.2d 167, 171.) The legislature has clearly authorized home confinement as a penalty for a petty offense, if imposed as a condition of conditional discharge. We see no ambiguity in the statutory language or scheme, nor do we think the statutory scheme creates an injustice. While defendant directs us to the legislative debates concerning Public Act 81—1021 in support of his position, where the language of a statute is unambiguous, as here, there is no reason to examine extrinsic sources such as legislative debates. *In re A.M.C. III* (1986), 148 Ill. App. 3d 775, 781, 500 N.E.2d 104, 108.

We conclude that home confinement is an authorized disposition for a petty offense when imposed as a condition of conditional dis-

charge. The trial court did not err in sentencing defendant to serve 75 days' home confinement as a condition of his conditional discharge.

Defendant's second argument is that the trial court erred in imposing a sentence of restitution. Defendant was ordered to pay $95,309.04 in restitution for medical bills incurred by the parties who were injured in the car he struck. At the sentencing hearing, these injured parties testified to their injuries and the expenses they had incurred to date.

Defendant argues that a sentence of restitution was inappropriate for three reasons: (1) he had no proven ability to pay; (2) ordering restitution in cash was improper because the injured parties were not "victims" within the meaning of section 5—5—6(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6(b)); and (3) restitution in this case amounted to imposition of civil liability upon defendant without according him his due process rights. We agree with defendant that imposing restitution in cash in the instant case was inappropriate and improper because the injured parties were not "victims" within the meaning of the restitution statute.

■■ ■ Section 5—5—6(a) of the Unified Code of Corrections provides that restitution may take three forms: (1) defendant may be ordered to return property to the possession of the person entitled to possession; (2) defendant may be ordered to repair or restore property damaged; or (3) defendant may be ordered to make restitution in cash. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6(a).) Section 5—5—6(b) provides that cash restitution may be paid only for actual out-of-pocket expenses, losses, damages and injuries, and only to "victims" or insurance companies who have indemnified "victims." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6(b).) In *People v. Sharp* (1989), 185 Ill. App. 3d 340, 344, 541 N.E.2d 689, 691, we held that the term "victim" as used in the restitution statute means any person physically injured in this State as a result of a violent crime perpetrated or attempted against that person. We further held that the term "violent crime" means any felony in which force or threat of force was used against the victim or any misdemeanor which results in death or great bodily harm to the victim or any violation of section 9—3 of the Criminal Code of 1961, as amended, or section 11—501 of the Illinois Vehicle Code, or a similar provision of a local ordinance, if the violation resulted in personal injury or death.

■■ The offense for which defendant was convicted in the instant case was a petty offense. As such, it clearly does not fall within the definition of "violent crime," and the parties to whom defendant was ordered to make restitution do not qualify as "victims" within the

meaning of the restitution statute. Accordingly, the trial court erred in ordering defendant to make restitution in cash to those parties. We emphasize that our decision on this point pertains only to cash restitution, and not to the other types of restitution permitted by law. We hereby vacate that portion of defendant's sentence which ordered him to make cash restitution. In light of this decision, we need not address defendant's other objections to the restitution order.

Defendant's third argument on appeal is that the trial court abused its discretion in ordering defendant, as a condition of his conditional discharge, to perform public service in the form of preparing a speech on the disastrous effect of driving too fast for conditions and presenting it to driver's education classes. Defendant argues that at the sentencing hearing, the court made no effort to determine whether defendant had the mental capability to prepare and present such a speech. Defendant argues that the court had a statutory obligation to determine whether such a condition was reasonable, and that in failing to make a determination as to whether defendant was capable of preparing and presenting the speech, it failed in its statutory obligation. This failure, argues defendant, amounts to an abuse of discretion.

■ Section 5—6—3(b)(9) of the Unified Code of Corrections allows the sentencing court to require as a condition of conditional discharge that defendant perform some reasonable public or community service. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—3(b)(9).) Furthermore, a sentencing court may impose conditions not expressly authorized by the statute provided there is some connection between the condition and the underlying crime. (*People v. Whittington* (1980), 87 Ill. App. 3d 504, 506, 409 N.E.2d 150, 151.) Of course, the condition must be reasonable, taking into account the individual defendant. Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—3(b).

In the instant case, the trial court ordered defendant to prepare the speech and present it to the court. The court explained:

"I made the requirement that you give the speech first to me so that I can make some determination as to whether or not I felt it was sufficient for you to go out and give to these groups that I've ordered you to. If nothing else, my way of making sure you were capable of doing that. It's not my intention for you to embarrass this Court by giving a speech that's not adequate or to embarrass yourself. The idea of giving it to me first was one, to allow me to—to determine whether or not you had met the preparation of being prepared to go into a class and tell them your story. And if not, to try to come up with some

assistance to make you prepared to do that. *** And I think with that type of format, that it's certainly reasonable and you're certainly in a much better position to do some service to this community to these individuals by—if you'll tell them what it is you've been through by this accident."

The court further explained that it had observed the defendant in court and had listened to his statement at his sentencing hearing, and had considered those observations in requiring defendant to perform this public service.

■■ We think the record shows that the trial court carefully considered defendant's ability to perform the public service ordered and that the condition imposed is reasonable. The condition is also related to the offense of which defendant was convicted. The trial court did not abuse its discretion in ordering defendant to perform this public service.

The fourth and final argument presented by defendant is that, even if the sentence was otherwise proper, it was too severe considering all the circumstances. Defendant points out that defendant had no prior convictions, the offense was only a petty offense, it did not involve intentional conduct on the part of defendant and the court imposed sentence without knowing if the persons injured were contributorily negligent. The State points out that three people were seriously injured as a result of defendant's conduct.

■■ It is firmly established that the imposition of sentence is a matter of judicial discretion and that, absent an abuse of that discretion, the sentence of the trial court may not be altered on review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883.) The trial court is normally the proper forum in which to determine a suitable sentence, and the trial judge's decision in regard to sentencing is entitled to great deference and weight. *Perruquet*, 68 Ill. 2d at 154, 368 N.E.2d at 884.

We point out that we are hereby vacating that portion of defendant's sentence which required him to pay cash restitution. With respect to the remainder of defendant's sentence, we find no abuse of discretion. The record does not reflect that the court failed to consider defendant's potential for rehabilitation. To the contrary, the record reflects that the trial court carefully considered what sentence to impose and fashioned a sentence to balance the seriousness of the offense with the objective of restoring the offender to useful citizenship, as required by our constitution. (Ill. Const. 1970, art. I, §11.) We do not agree that the sentence imposed upon defendant is unduly severe.

In summary, we vacate that portion of defendant's sentence which required him to make cash restitution to the individuals injured in the accident. We affirm the remainder of defendant's sentence.

For the foregoing reasons, the judgment of the circuit court of White County is affirmed in part and vacated in part.

Affirmed in part; vacated in part.

HARRISON and HOWERTON, JJ., concur.