THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARK DANIELS, Defendant-Appellant.
Third District   No. 3—92—0072

Opinion filed December 2, 1992.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:
The defendant, Mark Daniels, was charged with possession of a stolen motor vehicle (Ill. Rev. Stat. 1991, ch. 95½, par. 4—103). Following a jury trial, he was convicted and sentenced to 10 years' imprisonment. The defendant appeals his conviction and his sentence.

The record reveals that on July 19, 1991, police officers Matthew Sottos and Rick Hodge were patrolling the Moline Riverside Park area. At approximately 4 p.m. they observed a blue Camaro with Pennsylvania license plate number PNA463. The officers followed the car to the Moline swimming pool. Once there, the defendant, who had been driving the car, and three passengers got out and went into the pool area. The officers ran a computer check on the Camaro and

found out that it had been reported as stolen. Officers Sottos and Hodge observed that the steering column of the Camaro had been peeled back, and that a screwdriver and a pair of pliers were on the driver's side floorboard. They then went to the swimming pool's dressing room, where they arrested the defendant.

The defendant told the police that he did not know the other people who had been seen in the car. He also told police that he had traveled to the swimming pool by bus and not in the Camaro.

During cross-examination, Officer Sottos was asked why his arrest report was only one-page long. On redirect examination, the State asked whether such a brief report was unusual. In answering, Officer Sottos stated that the passengers had identified the defendant as "Devious." The defendant objected and the jury was instructed to disregard that testimony. The State then asked whether the brevity of the report complied with standard operating procedure. In responding to that question, Officer Sottos indicated that he was not sure if the defendant was giving him an alias. The defendant objected and asked for a mistrial. The trial court denied the motion for a mistrial because it concluded that the State was entitled to clarify why the police report was not more detailed. The State then again asked Officer Sottos why his report was so short. Officer Sottos responded that it was because he was not sure of the defendant's identification at the time. He noted that he had requested a record check on the defendant and had received nothing back.

The State also presented evidence to show that the Camaro was, in fact, a stolen vehicle. Additionally, the defendant's fingerprints were found on the inside rearview mirror of the Camaro and on its trunk.

For the defense, Vanessa McBride testified that on the day in question she, the defendant, and some other people had been in the Camaro. A man named Monty Lewis had been driving the car and had dropped her off at her house. The rest of the group then went to the pool. McBride further testified that the defendant had been in the back seat. She also stated that at one point, the defendant reached to the front to adjust the rearview mirror.

The jury found the defendant guilty and a sentencing hearing was set. At that hearing, the defendant moved for a continuance because he had an appointment with Treatment Alternatives to Street Crime (TASC) personnel for an evaluation. The court granted the defendant's motion and the cause was continued until December. At the December sentencing hearing, the trial court noted that section 5—5—3(c)(8) of the Unified Code of Corrections (the Code) applied, and that,

therefore, the defendant was to be sentenced as a Class X offender. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.) Defense counsel then stated that if section 5—5—3 of the Code was applicable, then the defendant would not be eligible for TASC. The trial court subsequently noted factors in aggravation and mitigation and sentenced the defendant to 10 years' imprisonment. Among the factors in mitigation that the court noted were the defendant's good health and his education.

On appeal, the defendant first argues that the testimony of Officer Sottos about the defendant's use of an alias was improper because it suggested that he had committed prior crimes.

We begin by noting that evidence of offenses other than those for which the defendant is being tried is generally inadmissible. (*People v. Lindgren* (1980), 79 Ill. 2d 129, 402 N.E.2d 238.) More specifically, where a defendant's alias is indicative of prior criminal activity, it is improper for the State to use that information in a negative manner. (*People v. Dukes* (1957), 12 Ill. 2d 334, 146 N.E.2d 14; *People v. Pumphrey* (1977), 51 Ill. App. 3d 94, 366 N.E.2d 433.) However, where the references to the defendant's alias were infrequent, offered for another purpose, and not made in a negative manner, such references do not constitute reversible error. *People v. Howard* (1991), 147 Ill. 2d 103, 588 N.E.2d 1044.

■ In the instant case, the references to the defendant's possible use of an alias were only brought out on redirect examination to explain why Officer Sottos' report was short. We additionally note that the State did not dwell on the subject, nor did it use that information to suggest prior criminal activity. Accordingly, we find that Officer Sottos' references to the possible alias did not deny the defendant a fair trial.

The defendant next argues that this cause should be remanded for resentencing because the trial court failed to consider the defendant for drug-treatment probation. The defendant relies on *People v. Teschner* (1980), 81 Ill. 2d 187, 407 N.E.2d 49, wherein the supreme court held that a defendant ineligible for probation under section 5—5—3 of the Code was nevertheless eligible for probation under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.8). The defendant suggests that in the instant case the trial court mistakenly believed that the defendant was ineligible for placement under the Illinois Alcoholism and Other Drug Dependency Act (Ill. Rev. Stat. 1991, ch. 111½, par. 6360—1 *et seq.*), which has replaced the Dangerous Drug Act. See *People v. Thomas* (1990), 204 Ill. App. 3d 890, 562 N.E.2d 396.

█ Our review of the record does not support the defendant's suggestion that the trial court misapprehended the law. A trial court is presumed to have understood the law and properly applied it. (*People v. Baum* (1991), 219 Ill. App. 3d 199, 579 N.E.2d 374.) Here, the only indication of any misapprehension of the law was made by defense counsel, not the trial court. It was defense counsel, not the trial court, that stated that if section 5—5—3 of the Code was applicable, then the defendant would not be eligible for TASC probation.

Further, the trial court specifically noted as a factor in mitigation that the defendant was in good health. Accordingly, we find that the reason the defendant was not considered for TASC was not because of a misapprehension of the law, but because the court did not believe that the defendant was an addict. (See *People v. Barry* (1987), 152 Ill. App. 3d 915, 504 N.E.2d 1381.) Accordingly, we cannot say that the trial court erred.

The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

STOUDER and HAASE, JJ., concur.