THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEFFREY S. LOWEY, Defendant-Appellant.

Fifth District    No. 5—94—0326

Opinion filed April 21, 1995.

R. Edward Veltman, Jr., of Crain, Cooksey, Veltman & Miller, Ltd., of Centralia, for appellant.

Dennis Hatch, State's Attorney, of Nashville (Norbert J. Goetten, Robert J. Biderman, and Charles F. Mansfield, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The defendant, Jeffrey S. Lowey, was charged with unlawful delivery of more than 10 grams but not more than 30 grams of a substance containing cannabis, a Class 4 felony (720 ILCS 550/5(c) (West 1992)). Pursuant to negotiations with the State, defendant pleaded guilty to the offense and was placed on probation pursuant to section 10 of the Illinois Cannabis Control Act (Act) (720 ILCS 550/10 (West 1992)). The parties agreed that the term of probation would be for two years and that defendant would pay a fine of $703, a lab fee of $50, court costs of $297, and restitution of $200 to the Illinois State Police, Southern Illinois Drug Task Force. The parties also agreed that defendant would serve four weekends in jail if the statute permitted such imprisonment. The court found that weekend imprisonment was authorized by statute and imposed four weekends in the county jail as a condition of section 10 probation. Defendant filed a post-plea motion attacking only the weekend confinement.

At the time of the offense, December 3, 1993, section 10 of the Act provided:

"(a) Whenever any person who has not previously been convicted of, or placed on probation or court supervision for, any offense under this Act or any law of the United States or of any State relating to cannabis, or controlled substances as defined in the Illinois Controlled Substances Act, pleads guilty to or is found guilty of violating Sections 4(a), 4(b), 4(c), 5(a), 5(b), 5(c) or 8 of this Act, the court may, without entering a judgment and with the consent of such person, sentence him to probation.

(b) When a person is placed on probation, the court shall enter an order specifying the period of probation, in accordance with subsection (b) of Section 5—6—2 of the 'Unified Code of Corrections', approved July 26, 1972, as amended [(730 ILCS 5/5—6—2 (West 1992))], and shall defer further proceedings in the case until the conclusion of the period or until the filing of a petition alleging violation of a term or condition of probation.

(c) The court may, *in addition to other conditions*, require that the person:

(1) make a report to and appear in person before or participate with the court or such courts, person, or social service agency as directed by the court in the order of probation;

(2) pay a fine and costs;

(3) work or pursue a course of study or vocational training;

(4) undergo medical or psychiatric treatment; or treatment for drug addiction or alcoholism;

(5) attend or reside in a facility established for the instruction or residence of defendants on probation;

(6) support his dependents;

(7) refrain from possessing a firearm or other dangerous weapon;

(8) and in addition, if a minor ***.

(d) Upon violation of a term or condition of probation, the court may enter a judgment on its original finding of guilt and proceed as otherwise provided.

(e) Upon fulfillment of the terms and conditions of probation, the court shall discharge such person and dismiss the proceedings against him.

(f) A disposition of probation is considered to be a conviction for the purposes of imposing the conditions of probation and for appeal[;] however, discharge and dismissal under this Section is not a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime (including the additional penalty imposed for subsequent offenses under Section[s] 4(c), 4(d), 5(c) or 5(d) of this Act).

(g) Discharge and dismissal under this Section or under Section 410 of the Illinois Controlled Substances Act may occur only once with respect to any person." (Emphasis added.) 720 ILCS 550/10 (West 1992).

A similar provision is found at section 410 of the Illinois Controlled Substances Act. 720 ILCS 570/410 (West 1992).

Succinctly stated, the issue in this case is whether a sentence of imprisonment may be imposed pursuant to the "in addition to other conditions" provision of section 10. The trial court ruled that the legislature, by specifically stating in this version of the first offender statute that a disposition of probation is considered as a conviction for purposes of imposing conditions of probation, intended to allow a trial court to impose any condition of probation under section 5—6—3 of the Unified Code of Corrections (730 ILCS 5/5—6—3 (West 1992)). The court reasoned that the foregoing interpretation of section 10 avoids an absurd result. Lastly, the court reasoned that as a policy matter, prosecutors would rarely negotiate any pleas of guilty under section 10 where the most basic and necessary conditions of regular probation could not be imposed, such as probationers refraining from committing any criminal offense or allowing the probation officer to visit with him in his home.

The prime consideration in construing a statutory enactment is to give effect to the intent of the legislature. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 543, 349 N.E.2d 31, 35; *People v. Chandler* (1989), 129 Ill. 2d 233, 253, 543 N.E.2d 1290, 1298.) In ascertaining this intent, the entire statute must be considered. (*Bratcher*, 63 Ill. 2d at 543, 349 N.E.2d at 35.) A court may properly consider not only the language used in the statute but also the reason and necessity for the law, the evils sought to be remedied, and the purpose to be achieved. (*Chandler*, 129 Ill. 2d at 253, 543 N.E.2d at 1298.) Subsequent amendments to a statute may be an appropriate source for discerning legislative intent. *Bratcher*, 63 Ill. 2d at 543, 349 N.E.2d at 35.

As originally enacted, section 10 of the Act provided:

"Whenever any person who has not previously been convicted of any offense under this Act or any law of the United States or of any State relating to cannabis, or controlled substances as defined in the Illinois Controlled Substances Act, pleads guilty to or is found guilty of violating Sections 4(a), 4(b), 4(c), 5(a), 5(b), 5(c) or 8 of this Act, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon reasonable terms and conditions as it may require. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime (including the additional penalty imposed for subsequent offenses under Section 4(c), 4(d), 5(c) or 5(d) of this Act). Discharge and dismissal under this section may occur only once with respect to any person." Ill. Rev. Stat. 1973, ch. 56$\frac{1}{2}$, par. 710.

In *People v. DuMontelle* (1978), 71 Ill. 2d 157, 374 N.E.2d 205, defendant pleaded guilty to the charge of possession of cannabis in violation of section 4(c) of the Act (Ill. Rev. Stat. 1973, ch. 56$\frac{1}{2}$, par. 704(c)). The court placed defendant on probation pursuant to section 10 and imposed a fine of $65 and court costs of $25. Defendant appealed, arguing that section 10 of the Act did not authorize the imposition of a fine or the assessment of court costs. The supreme court was presented with the question of whether the general sentencing provisions of section 5—5—3 of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—3 (now 730 ILCS 5/5—5—3 (West 1992))) may be applied to a defendant who has been placed on probation pursuant to section 10 of the Act. Our supreme court found that initially no judgment of guilt is imposed

and further proceedings are deferred during the period of probation; therefore, there were serious obstacles in attempting to apply the general sentencing provisions of the Code to section 10 of the Act. At that time, neither section 5—5—3 of the Code nor its accompanying provisions governed section 10 treatment because a conviction is a necessary prerequisite to their application. (*DuMontelle*, 71 Ill. 2d at 163, 374 N.E.2d at 207.) The supreme court reasoned that while section 10 authorized the trial court to impose "reasonable terms and conditions" of probation, it would appear incongruous to impose a fine as a condition of probation and then upon the satisfactory completion of probation to dismiss the charge and discharge the offender. (*DuMontelle*, 71 Ill. 2d at 164-65, 374 N.E.2d at 208.) The supreme court further reasoned that to require the offender to suffer a forfeiture of money under such circumstances does not appear to be reasonable in light of the general lenient purpose of the Act. (*DuMontelle*, 71 Ill. 2d at 165, 374 N.E.2d at 208.) The supreme court reversed the imposition of the fine. *DuMontelle*, 71 Ill. 2d at 166, 374 N.E.2d at 208.

In response to the *DuMontelle* decision, the General Assembly amended section 10. The June 30, 1978, amendments by the General Assembly deleted the statement that the court was to place "reasonable terms and conditions" on probation and changed the statutory language to expressly catalog certain authorized conditions of probation, including the imposition of fines and costs. (Pub. Act 80—1202, § 1, eff. June 30, 1978; *Roth v. Yackley* (1979), 77 Ill. 2d 423, 427-28, 396 N.E.2d 520, 521-22.) The amended act provided: "The court may, in addition to other conditions, require that the person *** (2) pay a fine and costs." (Ill. Rev. Stat., 1978 Supp., ch. 56¹/₂, par. 710(c)(2).) The amended act further stated: "A disposition of probation is considered to be a conviction for the purposes of imposing the conditions of probation ***." (Ill. Rev. Stat., 1978 Supp., ch. 56¹/₂, par. 710(f).) Obviously, the amendments were enacted to correct the problems raised by the *DuMontelle* decision. The amendments, unfortunately, leave open the question of whether jail time can be imposed as an incident of probation. We believe that it can.

Section 10 of the Act specifically provides that the court may order the defendant to "attend or reside in a facility established for the instruction or residence of defendants on probation." (720 ILCS 550/10 (West 1992).) Under the doctrine of *ejusdem generis,* when a statutory clause specifically describes several classes of persons or things and then includes "other persons or things," the word "other" is interpreted as meaning "other such like." (*Coldwell Banker Residential Real Estate Services of Illinois, Inc. v. Clayton* (1985), 105 Ill.

2d 389, 396, 475 N.E.2d 536, 539; *City of Chicago v. Bethlehem Healing Temple Church* (1968), 93 Ill. App. 2d 303, 309, 236 N.E.2d 357, 360.) In the case at bar, the trial court has ordered that defendant reside in a facility for four weekends, and that time will hopefully impress on defendant the seriousness of his conduct. One of the purposes of the Act is to provide "wide latitude in the sentencing discretion of the courts." (720 ILCS 550/1 (West 1992).) A sentencing court may impose conditions not expressly authorized by the statute, provided that there is some connection between the condition and the underlying crime. (*People v. Stocke* (1991), 212 Ill. App. 3d 547, 554, 571 N.E.2d 192, 196.) Of course, the condition must be reasonable, taking into account the individual defendant. (*Stocke*, 212 Ill. App. 3d at 554, 571 N.E.2d at 196.) In the case at bar, defendant is subject to a determinate prison sentence between one and three years, as the offense is a Class 4 felony. (730 ILCS 5/5—8—1(a)(7) (West 1992).) As a condition of regular probation, defendant could be ordered to serve six months' imprisonment as an incident of probation. (730 ILCS 5/5—6—3(e) (West 1992).) While section 10 does not expressly authorize a sentence of imprisonment, we find nothing in the language of section 10 that would prohibit such a sentence. (See *People v. Wendt* (1994), 163 Ill. 2d 346, 355, 645 N.E.2d 179.) We do not find the imposition of four weekends in jail to be unreasonable.

Defendant relies on *People v. Thomas* (1990), 204 Ill. App. 3d 890, 562 N.E.2d 396, for the proposition that absent express legislative authority, a prison sentence cannot be imposed as an incident of probation. We find *Thomas* distinguishable from the case at bar. On October 30, 1989, Thomas was found guilty by a jury of residential burglary. On December 19, 1989, he was sentenced to five years' probation pursuant to sections 10—101 and 10—102 of the Illinois Alcoholism and Other Drug Dependency Act (Ill. Rev. Stat. 1989, ch. 111¹/₂, pars. 6360—1, 6360—2). As an incident of probation, Thomas was to serve a six-month period of incarceration in the Douglas County jail. The Illinois Alcoholism and Other Drug Dependency Act made reference to a defendant fulfilling the requirements of a designated program but made no explicit direction as to who determines "the requirements of the designated program." The *Thomas* court found that the Illinois Alcoholism and Other Drug Dependency Act provided for the circuit court to impose some conditions of probation which are consistent with the treatment purposes of that act and the program requirements of the Illinois Department of Alcoholism and Substance Abuse. The *Thomas* court found that incarceration was not consistent with the treatment purposes. (*Thomas*, 204 Ill. App. 3d at 894, 562 N.E.2d at 399.) The *Thomas* court fur-

ther found that it could not look to the Code to determine who prescribes the "other conditions of probation." *Thomas*, 204 Ill. App. 3d at 892, 562 N.E.2d at 397.

In the case at bar, the sentence of four weekends in the county jail is consistent with the aim of rehabilitating defendant. Defendant was not charged with mere possession of cannabis. He was charged with delivery of cannabis. Giving defendant a "taste" of the consequences of his conduct while also giving him the chance to prevent a conviction of the offense on his record is consistent with the aim of rehabilitation and with the lenient purposes of section 10 of the Act.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

MAAG, P.J., and LEWIS, J., concur.