THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SUSIE J. FERRELL, Defendant-Appellant.

Fourth District   No. 4—95—0383

Argued December 13, 1995.—Opinion filed December 29, 1995.

Susan Wishnick (argued) and Colleen K. Connell, both of The Roger Baldwin Foundation of the ACLU, Inc., of Chicago, and Diana Barber, of Washington, for appellant.

John B. Huschen, State's Attorney, of Eureka (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In February 1994, defendant, Susie J. Ferrell, pleaded guilty to aggravated battery of a child (720 ILCS 5/12—4.3 (West 1992)). In April 1994, the trial court sentenced her to 3 months in jail and 48 months' probation, subject to various conditions, including that she not engage in any activity with the reasonable potential of causing pregnancy. In December 1994, after a court-mandated pregnancy test indicated that defendant was pregnant, the State filed a petition to revoke her probation. In January 1995, the trial court conducted a hearing on the petition, found that defendant had violated the no-pregnancy condition, and revoked her probation. In May 1995, the trial court conducted a resentencing hearing and sentenced defendant to six years in prison.

Defendant appeals, arguing that (1) probation condition D (the no-pregnancy condition) violates section 5—5—3(k) of the Unified Code of Corrections (Code) (730 ILCS 5/5—5—3(k) (West 1994)); (2)

probation conditions D and E (the pregnancy test condition) are not reasonable and violate her fundamental rights; (3) she was denied due process because the no-pregnancy condition was vaguely worded; (4) the trial court's finding that defendant violated the no-pregnancy condition was against the manifest weight of the evidence; and (5) the court abused its discretion by revoking her probation.

Because we agree with defendant's first argument (based on the Code), we need not address her constitutional arguments. We reverse the revocation and sentence and remand with instructions to reinstate her original probation sentence, absent condition D.

## I. BACKGROUND

In February 1994, defendant pleaded guilty to aggravated battery of her two-month-old son. In April 1994, the trial court sentenced her to three months in the county jail and 48 months' probation, subject to various conditions. The probation order included the following conditions:

"D. The Defendant may not perform any act, or engage in any activity which has the reasonable potential of causing her to become pregnant.

E. The Defendant shall submit to blood testing for the purpose of determining pregnancy on the following schedule: (1) Today; (2) 14 days from today; (3) 30 days following jail release; (4) Every 60 days thereafter."

In May 1994, defendant filed a motion to reconsider probation conditions D and E, but the trial court denied that motion. No appeal was taken.

In November 1994, a court-mandated pregnancy test indicated that defendant was pregnant. In December 1994, the State filed a petition to revoke her probation, alleging that she had violated the no-pregnancy condition.

In January 1995, the trial court conducted a hearing on the petition to revoke. The court found that defendant had violated the no-pregnancy probation condition and revoked her probation. In May 1995, the court conducted a resentencing hearing and sentenced defendant to six years in prison, with credit for 90 days already served.

## II. THE NO-PREGNANCY PROBATION CONDITION

Defendant argues that the no-pregnancy probation condition violates section 5—5—3(k) of the Code, which prohibits a trial court from imposing a sentence requiring a defendant "to be implanted or injected with or to use any form of birth control." (730 ILCS 5/5—5—3(k) (West 1994).) She contends that all of her options for compliance with the no-pregnancy probation condition, including abstinence,

constitute methods of birth control, and as such, require the implantation, injection, or use of a form of birth control, in violation of section 5—5—3(k) of the Code.

In response, the State asserts that because the trial court did not require defendant to use any chemical or medical means of preventing pregnancy, the no-pregnancy condition does not violate the plain language of section 5—5—3(k) of the Code. We agree with defendant's analysis.

Initially, we note that both parties argue that this court should rely on the legislative debates in construing section 5—5—3(k) of the Code. We reject this argument. As Justice Scalia has written, "[t]he greatest defect of legislative history is its illegitimacy. We are governed by laws, not by the intentions of legislators." (*Conroy v. Aniskoff* (1993), 507 U.S. 511, 519, 123 L. Ed. 2d 229, 238, 113 S. Ct. 1562, 1567 (Scalia, J., concurring).) Further, in *Town of the City of Bloomington v. Bloomington Township* (1992), 233 Ill. App. 3d 724, 736, 599 N.E.2d 62, 70, this court wrote the following:

> "[L]egislators do not make laws by making speeches on the floor of the legislative chamber or by writing memos for committee meetings. They make laws by majority vote on a specifically worded bill that has been read three times before each house and distributed to each legislator. (Ill. Const. 1970, art. IV, §§ 8(c), (d).) Neither the disclosed nor undisclosed intent of a legislator or lobbyist becomes *law*; only the bill as it reads when passed becomes law." (Emphasis in original.)

■ Although a court's primary function in interpreting a statute is to determine and give effect to the legislature's intent in enacting the statute, legislative intent is best determined by the language of the statute. (*Walker v. Rogers* (1995), 272 Ill. App. 3d 86, 90, 650 N.E.2d 272, 275.) A court construing a statute should read it as a whole, give the statutory language its plain meaning, and import to the statute the fullest possible meaning to which it is susceptible. *Central Illinois Public Service Co. v. Illinois Commerce Comm'n* (1994), 268 Ill. App. 3d 471, 484, 644 N.E.2d 817, 825.

■ Section 5—5—3(k) of the Code, the statute at issue in this case, reads as follows: "A court may not impose a sentence or disposition for a felony or misdemeanor that requires the defendant to be implanted or injected with or to use any form of birth control." (730 ILCS 5/5—5—3(k) (West 1994).) Giving this statutory language its plain and fullest possible meaning, we conclude that "any form of birth control" means *just that*, and thereby encompasses all possible forms of birth control, including abstinence. (See Taber's Cyclopedic Medical Dictionary 13 (16th ed. 1989), which defines "abstinence" as

"[g]oing without something voluntarily, esp. refraining from indulgence in \*\*\* sexual intercourse.") Therefore, probation condition D, which required that defendant not perform any act or engage in any activity which had the reasonable potential of causing her to become pregnant, effectively mandated that she use a form of birth control, whether it was medical, chemical, or natural—namely, abstinence. Accordingly, we hold that this no-pregnancy probation condition violates section 5—5—3(k) of the Code.

In so holding, we note that although the trial court was well-intentioned in imposing the no-pregnancy condition, it is the legislature—not the courts—which formulates the public policy of this State. As this court noted in a different context, " ' "[any] change in the law \*\*\* should only be made after a thorough analysis of all the relevant considerations. \*\*\* The type of analysis required is best conducted by the legislature using all of the methods it has available to it to invite public participation." ' " (*Watson v. J.C. Penney Co.* (1992), 237 Ill. App. 3d 976, 979, 605 N.E.2d 723, 725, quoting *Estate of Ritchie v. Farrell* (1991), 213 Ill. App. 3d 846, 849-50, 572 N.E.2d 367, 369, quoting *Olsen v. Copeland* (1979), 90 Wisc. 2d 483, 491, 280 N.W.2d 178, 181.) We further note that the legislature addressed the present issue only two years ago when it enacted section 5—5—3(k) of the Code. Pub. Act 88—336, § 5, eff. January 1, 1994 (1993 Ill. Laws 2695, 2700) (amending 730 ILCS 5/5—5—3 (West 1992)) (adding this as subsection (j)); Pub. Act 88—659, § 4, eff. January 1, 1995 (1994 Ill. Laws 1658, 1666) (designating this subsection (k)).

## III. THE PREGNANCY TEST CONDITION

Defendant also argues that probation condition E, which requires that defendant submit to blood testing every two months for the purpose of detecting pregnancy, unduly infringes her right to bodily integrity. We disagree.

Our supreme court has recognized that offenders necessarily have a reduced expectation of personal privacy. (*People v. Adams* (1992), 149 Ill. 2d 331, 348, 597 N.E.2d 574, 583.) Probation condition E, requiring defendant to submit to a pregnancy test every two months, involves only slight physical intrusion. See *Schmerber v. California* (1966), 384 U.S. 757, 771, 16 L. Ed. 2d 908, 920, 86 S. Ct. 1826, 1836 (in which the Court discussed the use of blood tests to detect the presence of alcohol: "Such tests are a commonplace in these days of periodic physical examinations and \*\*\* for most people the procedure involves virtually no risk, trauma, or pain"); see also *Adams*, 149 Ill. 2d at 347, 597 N.E.2d at 582 ("The [blood] test challenged in this case is a minor, routine laboratory procedure, and it poses no threat to the health or safety of the individual tested").

At oral argument, counsel for defendant conceded that on the record in this very case, the trial court could have justifiably imposed a six-month jail term upon defendant as a condition of probation. We have difficulty seeing how a minor, routine blood test conducted every two months could be more intrusive upon defendant than six months in jail.

Defendant's appellate counsel further conceded that the trial court had a legitimate interest in learning of defendant's pregnancy, thereby enabling the court to consider the imposition of additional probationary conditions—such as counseling on how to discipline children or how to control her anger. Despite this concession, defendant argues that requiring blood tests to detect her pregnancy is somehow both unreasonable and unnecessary. We disagree.

The trial court is afforded a great deal of discretion in choosing the conditions of probation to be imposed on a particular defendant (*People v. Pickens* (1989), 186 Ill. App. 3d 456, 461, 542 N.E.2d 1253, 1256), and it may impose a probation condition not expressly authorized by statute as long as such a condition (1) is reasonable, and (2) *some* connection exists between the condition and either (a) the underlying crime or (b) the behavior or attitudes of the defendant that the trial court thinks need adjusting. See *People v. Stocke* (1991), 212 Ill. App. 3d 547, 554, 571 N.E.2d 192, 196; 730 ILCS 5/5—6—3(b) (West 1994).

■■ We hold that the following standard of review applies to such trial court determinations: a probation condition (whether explicitly statutory or not) is reasonable if (1) the trial court believes the condition would be a good idea, and (2) the record contains no indication that the court's imposition of the condition is clearly unreasonable. Judged in accordance with this standard of review, we hold that the trial court did not abuse its discretion by imposing the pregnancy test probation condition in this case.

## IV. CONCLUSION

For the reasons stated, we reject the challenge to probation condition E (the pregnancy test condition), but reverse the revocation and sentence based on probation condition D (the no-pregnancy condition) and remand with instructions to reinstate defendant's original probation sentence, absent condition D.

Reversed and remanded with directions.

COOK, P.J., and GARMAN, J., concur.